JOSEPH BORZELL, Appellant, v. MOSES PETER et al., Doing Business as PETER'S SERVICE STATION, Respondents and Third-Party Plaintiffs. STALLMAN OF ITHACA, INC., et al., Third-Party Defendants-Respondents.— Appeal from Schuyler County Supreme Court Trial Term, dismissing plaintiff's complaint at close of his case. This action was brought to recover damages for personal injuries claimed to have resulted from (a) defendants' violation of section 240 of the Labor Law, and (b) defendants' negligence. Defendants Peter sold and installed television sets and antennae. Moses Peter asked plaintiff to "give him a hand" in the installation of a set at a home adjacent to that of plaintiff. In order to reach the porch and house roofs, Peter used a sectional aluminum ladder purchased from the third-party defendants. The side pieces of the sections were slotted, permitting the telescoping of the sections in extending and retracting the ladder. At the foot of each section was a latch designed to catch and lock on the rungs of another section. Peter placed two joined sections of the ladder against the porch roof and a third section on that roof, permitting both men access to the house roof to check for television signals. The test was unsuccessful and both returned to the porch roof. Peter descended to the ground and proceeded to the rear of the house. Plaintiff lowered the third ladder section and the ammeter to the ground, moved to the other ladder and, on testing it, found it unsteady. In attempting to adjust it, he lifted the upper section, which telescoped, and, as he said, pulled him to the ground. In his regular occupation he was accustomed to the use of ladders of other types, but he also knew the manner of operation of aluminum sectional ladders and said that this ladder telescoped in the way in which it was designed to

operate. There was no proof that the installation of the television antenna would constitute an alteration of the building within the purview of section 240 of the Labor Law or fall within any other specification of that statute. It cannot be said, as a matter of law, that the attachment of such an appliance would constitute an alteration of the building. There was no proof of negligence on the part of defendants and, in fact, plaintiff's injuries appear to have been the result of his own action. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.