■ JAMES MALCZEWSKI et al., Appellants, v CANNON DESIGN, INC., et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff injured his back moving computer equipment up a stairway at a facility owned by defendant Cannon Design, Inc. (Cannon). Cannon purchased the equipment from defendant California Computer Products, Inc. (Calcomp). Defendant Compass Tool Distributors, Inc. (Compass) provided an appliance dolly which plaintiff determined was too narrow for his purpose, thus requiring him to move the computer equipment by hand. Plaintiff sued Cannon and Calcomp under Labor Law § 241 (6) and sued Compass alleging negligence, strict product liability and breach of warranty. Special Term properly granted summary judgment to each defendant.

Labor Law § 241 (6) does not apply because at the time plaintiff was injured he was not engaged in "construction" work as required by the statute and defined by regulation (12 NYCRR 23-1.4 [b] [13]). The computer equipment does not constitute a building or structure. The presence of the computer equipment did not change the structural quality of Cannon's facility in any significant way. The references in the regulation to "hoisting" and "equipment installation" make clear that such activity must occur during the construction, demolition or excavation of a building or structure. No such activity occurred here. Thus, plaintiff's cause of action pursuant to Labor Law § 241 (6) was properly dismissed. We have considered plaintiff's remaining claims and find them lacking in merit. (Appeal from order of Supreme Court, Erie County, Ricotta, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Lawton and Schnepp, JJ.