■ ROGER KESSELBACH et al., Appellants, v LIBERTY HAULAGE, INC., Respondent, and 94-21 165TH STREET CORPORATION, Defendant and Third-Party Plaintiff-Respondent. TELECOM RADIO, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated April 12, 1990, as granted the respective cross motions of the defendant Liberty Haulage, Inc., and the defendant 94-21 165th Street Corporation for summary judgment dismissing the complaint insofar as it is asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

On September 20, 1985, the plaintiff Roger Kesselbach, while employed by the third-party defendant Telecom Radio, Inc. (hereinafter Telecom) was installing an antenna on the roof of a building located in Jamaica, Queens, and owned by the defendant 94-21 165th Street Corporation, pursuant to a

contract between the defendant Liberty Haulage, Inc. (hereinafter Liberty Haulage) and Telecom. The subject premises were used by Liberty Haulage for the purpose of storing and dispatching its vehicles. Kesselbach sustained injuries when, in the course of his employment, he mounted a ladder, the ladder snapped, and he fell to the ground. This ladder, which was brought to the premises by Kesselbach, was owned by either him or Telecom.

The plaintiffs commenced this action against Liberty Haulage and 94-21 165th Street Corporation to recover damages for negligence and violations of Labor Law §§ 200, 240, 241. The defendant 94-21 165th Street Corporation then served a third-party complaint for indemnification and contribution against Kesselbach's employer, Telecom.

Contrary to the plaintiffs' assertion on appeal, they failed to establish that either defendant had actual or constructive notice of the defect in the ladder which resulted in Kesselbach's fall. There is nothing in the record before us which suggests that Kesselbach's injuries were occasioned by his use of either defendants' plant, tools or methods of performing the task at hand. Under these circumstances, that part of the complaint which is based on the common-law duty to provide a safe place to work, as codified by Labor Law § 200 (1), must be dismissed *(see, DeLuca v Lett,* 173 AD2d 760; *Santamaria v RRI Realty Corp.,* 149 AD2d 680).

The plaintiffs' reliance upon Labor Law § 240 is also misplaced. At the time of his accident, Kesselbach was not engaged in the type of work envisioned by that provision, which is not determinative unless repairs, construction, or alterations to a building or structure are involved. We agree with the Supreme Court that the installation of an antenna on a rooftop is not an alteration within the purview of Labor Law § 240 *(see, Borzell v Peter,* 285 App Div 983).

Finally, Labor Law § 241 (6) does not apply because at the time of the accident Kesselbach was not engaged in construction work as defined by 12 NYCRR 23-1.4 (b) (13) *(see, Malczewski v Cannon Design,* 125 AD2d 941). Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.