JOSEPH ATWELL et al., Respondents, v MOUNTAIN LTD., et al., Defendants, and ROCHESTER TELEPHONE CORPORATION, Appellant.—Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted partial summary judgment to plaintiffs against defendant Rochester Telephone Corporation on the issue of liability on the cause of action under Labor Law § 240 (1). Plaintiff Joseph Atwell was standing on a ladder installing telephone cable to a commercial building when the electrical riser to which he had attached his safety belt gave way causing him to fall 18 to 20 feet to the ground. Rochester Telephone Corporation argues that Supreme Court should not have granted summary judgment because the work did not constitute an alteration of a structure. We disagree.

The work being performed by plaintiff was part of a project initiated by the tenant of the commercial building for the installation of telephone equipment for the operation of a telephone answering business. For that purpose, the tenant had contracted with Rochester Telephone Corporation to bring heavy telephone cables to the building and to extend them inside the building. Rochester Telephone Corporation contracted with plaintiff's employer to string the telephone cable some 1,000 feet along Spencerport Road and Elmgrove Road to a telephone pole near the commercial building, and then to and into the building. The job involved threading the cable through an air vent and then through the ceiling a distance of 65 feet to the terminal where the tenant's equipment was to be attached. That work constitutes the alteration of a structure within the meaning of Labor Law § 240 (1) *(see, Garrant v New York Tel. Co.,* 179 AD2d 960; *Dedario v New York Tel. Co.,* 162 AD2d 1001).

We reject Rochester Telephone Corporation's argument that plaintiffs did not establish as a matter of law that a violation of the statute was the proximate cause of plaintiff's injuries. Although plaintiff had been provided with a ladder and had his own safety belt, he had not been provided with safety devices such as scaffolding, a bucket truck, or even a secure anchor to which he could attach the safety belt so "as to give proper protection to a person so employed" (Labor Law § 240

[1]; *see also, Tiernan v County of Monroe,* 172 AD2d 1068; *Walsh v Baker,* 172 AD2d 1038). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Boomer, J. P., Balio, Lawton, Fallon and Doerr, JJ.