William GIAMBALVO, Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORP., Two Penn Plaza Associates, Bernard Mendik, The Long Island Railroad Company and Chemical Bank, Defendants.

CHEMICAL BANK, Third–Party Plaintiff,

v.

KNIGHT MAINTENANCE CORP., Third–Party Defendant.

No. CV–91–1852 (DRH).

United States District Court, E.D. New York, Hauppauge Division.

March 31, 1994.

Joseph M. Conklin by James M. Lloyd, New York City, for defendants Two Penn Plaza Ass'n and Bernard Mendik.

Caulfield, Galvin, Heller, Harris & Colligan by Patrick Colligan, New York City, for defendant Chemical Bank.

McMahon, Martine & Merritt by William D. Gallagher, New York City, for third-party defendant Knight Maintenance Corp.

## ORDER

HURLEY, District Judge.

Plaintiff in the above-referenced action seeks recovery for personal injuries under the common-law theory of negligence, as well as certain statutory provisions of the New York Labor Law. Currently before the Court are the following motions: (1) motion for summary judgment by Defendant National Railroad Passenger Corporation ("Amtrak"); (2) motion for summary judgment by Defendants Two Penn Plaza Associates and Bernard Mendik; (3) cross-motion for summary judgment by Defendant Chemical Bank; (4) Plaintiff's cross-motion for summary judgment; and (5) cross-motion for summary judgment by Third-party Defendant Knight Maintenance Corporation. For the reasons that follow, the Court grants the motion of Defendant Amtrak, and the cross-motion of Plaintiff as against Amtrak is denied. Having dismissed the only claim over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claims, and, therefore, the Court does not reach the merits of the remaining motions.

## BACKGROUND

Plaintiff, a member of Local 3 of the International Brotherhood of Electrical Workers, was employed by Third-party Defendant Knight Maintenance Corporation ("Knight"), as a lamp technician. His job responsibilities included the changing of lightbulbs in light fixtures at various sites, including the Chemical Bank located at Two Penn Plaza. Defendant Amtrak owns the concourse area of Two Penn Plaza, and leased the area to Defendants Two Penn Plaza Associates and Ber-

Gersowitz Libo & Korek, P.C. by Jeff Korek, New York City, for plaintiff.

Ahmuty, Demers & McManus by William F. Ryan, Albertson, NY, for defendant National R.R. Passenger Corp.

nard Mendik, who, in turn, sub-leased the premises to Chemical Bank.

On November 30, 1989, Plaintiff was called to Chemical Bank to replace a spotlight that had burned out. Prior to changing the bulb, he obtained a ladder from a storage room within the Chemical Bank premises. After removing the old bulb, and while standing on the ladder, Plaintiff fell and sustained certain injuries.[1]

On April 15, 1991, Plaintiff brought an action in New York Supreme Court, County of Kings, to recover for these injuries. Because Defendant Amtrak is a corporation created by an Act of Congress, 45 U.S.C. §§ 501–658, the federal district courts have original jurisdiction over the action, 28 U.S.C. §§ 1331, 1349, and, accordingly, the action was removed to this Court pursuant to 28 U.S.C. § 1441.. The action alleges that Defendants are liable to Plaintiff under New York Labor Law §§ 240(1), 241(6), and 200, and the common-law theory of negligence.

*Discussion*

I. *Standard for Review of Motion for Summary Judgment*

A motion for summary judgment may be granted only when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987); *Winant v. Carefree Pools,* 709 F.Supp. 57, 59 (E.D.N.Y.), *aff'd,* 891 F.2d 278 (2d Cir.1989). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and identifying which materials "it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552; *see also Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir.1989); *Pariente v. Scott Meredith Literary Agency, Inc.,* 771 F.Supp. 609, 612 (S.D.N.Y.1991). The substantive

law governing the case will identify those facts which are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Once the moving party has come forward with support demonstrating that no genuine issue of material fact remains to be tried, including pleadings, depositions, interrogatory answers, and affidavits, the burden shifts to the non-moving party to provide similar support setting forth specific facts about which a genuine triable issue remains. Fed. R.Civ.P. 56(e); *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511; *Borthwick v. First Georgetown Sec., Inc.,* 892 F.2d 178, 181 (2d Cir. 1989); *Donahue,* 834 F.2d at 57. The Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Donahue,* 834 F.2d at 57.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2510. Moreover, "[c]onclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts.'" *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.,* 902 F.2d 174, 178 (2d Cir.1990), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991) (quoting *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512, and *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)); *see also Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991). "The non-movant cannot 'escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts,' or defeat the motion through 'mere speculation or conjecture.'" *Western World Ins. Co. v. Stack Oil, Inc.,*

---

1. Although Plaintiff contends that he was engaged in "construction work," plaintiff does not contend that the Chemical Bank premises were otherwise under construction or renovation at the time of the incident.

922 F.2d 118, 121 (2d Cir.1990) (quoting *Borthwick,* 892 F.2d at 181, and *Knight v. U.S. Fire Insurance Co.,* 804 F.2d 9, 12 (2d Cir. 1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987)). With the above principles in mind, the Court turns to a discussion of the case at bar.

## II. *Section 240(1)*

Plaintiff first claims that Defendant Amtrak is liable for his injuries pursuant to § 240(1) of the New York Labor Law. This section establishes a non-delegable duty upon owners and contractors, and provides, in relevant part, that:

> [a]ll contractors and owners and their agents ... in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, ... ladders ... which shall be so constructed, placed, and operated as to give proper protection to a person so employed.

N.Y. Labor Law §§ 240(1) (McKinney 1986). In response to Plaintiff's claim under this section, Defendant Amtrak contends that summary judgment should be granted in its favor, because Plaintiff was not engaged in any of the statute's enumerated activities. More specifically, Defendant Amtrak argues that Plaintiff was not "repairing" any "building or structure."

In assessing the respective positions of the parties, the Court first looks to the legislative history of this provision of the Labor Law, which provides that it was the intent of the legislature to protect "workers by placing 'ultimate responsibility for safety practices *at building construction jobs* where such responsibility belongs, on the owner and general contractor.'" 1969 N.Y. Legis. Ann. at 407 (emphasis added) (quoted in *Zimmer v. Chemung County Performing Arts, Inc.,* 65 N.Y.2d 513, 520, 493 N.Y.S.2d 102, 105, 482 N.E.2d 898, 901 (Ct.App.1985)).

A case that is in keeping with this intent, and upon which Defendant Amtrak primarily relies, is *Manente v. Ropost, Inc.,* 136 A.D.2d 681, 524 N.Y.S.2d 96 (2d Dep't 1988). In *Manente,* the plaintiff was injured while changing a lightbulb in a lamppost located in the parking lot of the defendant's restaurant. As he was changing the bulb, the lamppost dislodged from its base, and plaintiff fell from the ladder. The Appellate Division found that plaintiff's reliance on § 240 was misplaced, for two separate and independent reasons. First, the court explained that the lamppost was not part of a "building or structure," as required by the statute. Second, the court explained that

> [n]or was the plaintiff at the time of the accident engaged in the type of *repair* envisioned by the statute. He was merely replacing a lightbulb in a lightpole located on premises on which there was no construction, demolition, renovation or any other type of *structural work* underway in either the parking lot or the building itself.

*Manente,* 136 A.D.2d at 682, 524 N.Y.S.2d at 97 (emphasis added).

In response to Defendant's motion, Plaintiff suggests that § 240 must be read liberally, and, read as such, his conduct falls within the purview of the statute. In support of his position, Plaintiff principally relies upon three cases that, he contends, liberally construe the terms "alteration" and "repair": *Izrailev v. Ficarra Furniture of Long Island, Inc.,* 70 N.Y.2d 813, 523 N.Y.S.2d 432, 517 N.E.2d 1318 (Ct.App.1987); *Neville v. Deters,* 175 A.D.2d 597, 572 N.Y.S.2d 256 (4th Dep't 1991); and *Ferrari v. Niasher Realty, Inc.,* 175 A.D.2d 591, 573 N.Y.S.2d 794 (4th Dep't 1991). These cases, however, are inapposite. In these cases, the plaintiffs were injured while repairing items that were attached to structural portions of the buildings; consequently, the plaintiffs' activities were in the nature of alterations or repairs of a building or structure within the purview of § 240. *See Tate v. Clancy–Cullen Storage Co., Inc.,* 171 A.D.2d 292, 295, 575 N.Y.S.2d 832, 834 (1st Dep't 1991). In contrast, Plaintiff himself admits that, rather than repairing a structural portion of the building, "[t]he work which Mr. Giambalvo was attempting to perform in its most broadest sense was the alteration or repair of *a light fixture* by installing a new light bulb." (Pl. Mem. at 11 (emphasis added).)

Moreover, although this Court recognizes that New York courts have consistently held that § 240 is to be construed liberally, *see, e.g., Zimmer,* 65 N.Y.2d at 520–21, 493 N.Y.S.2d at 105, 482 N.E.2d at 901, the Court is persuaded by the reasoning of *Manente,* in which the Appellate Division explained that

[i]n view of the strict liability imposed by the statute and the fact that such liability is generally imposed only to guard against inordinate dangers, we find no reason to strain the language of the statute to encompass the type of *routine maintenance work* performed by the plaintiff which was *far removed from the risks associated with the construction or demolition of a building.*

*Manente,* 136 A.D.2d at 682, 524 N.Y.S.2d at 97 (emphasis added); *see also Shannahan v. Empire Engineering Corp.,* 204 N.Y. 543, 548, 98 N.E. 9 (Ct.App.1912). The Appellate Division has reiterated this position in two recent cases: *Consentino v. Long Island Railroad,* 607 N.Y.S.2d 720, 720–21 (2d Dep't 1994) (plaintiff injured in fall while splicing telephone wires; splicing did not involve any service improvements to the railroad facility, and was merely routine maintenance not within purview of § 240); and *Edwards v. Twenty-four Twenty-six Main Street Assocs.,* 195 A.D.2d 592, 593, 601 N.Y.S.2d 11, 12–13 (2d Dep't 1993) (plaintiff injured in fall while repairing plywood shelves within warehouse was performing "routine maintenance in a non-construction, non-renovation context," and thus liability did not attach under § 240). *See also Kesselbach v. Liberty Haulage, Inc.,* 182 A.D.2d 741, 582 N.Y.S.2d 739 (2d Dep't 1992).

■ Based upon a review of the relevant cases and the language of the statute itself, the Court finds that, in this case, Plaintiff's replacement of the lightbulb does not fall within the purview of § 240. The *Manente* case and its progeny persuade the Court that the statute was not intended to impose strict liability for injuries that occur in the course of routine maintenance activities. As Defendant Amtrak correctly asserts, Plaintiff's argument, if taken to its logical conclusion, would be "tantamount to a ruling that all work related falls off ladders will fall within

Labor Law Section 240." (Ryan Reply Aff. at 2.) The mere use of a ladder, however, without a concomitant alteration of the building or structure, is insufficient to invoke the protection of this provision of the Labor Law. *See, e.g., Brice v. Lafayette Country Club,* 177 A.D.2d 957, 578 N.Y.S.2d 311 (4th Dep't 1991) (Section 240 inapplicable where plaintiff was injured when he fell from a stepladder while hanging streamers from the ceiling); *Karaktin v. Gordon Hillside Corp.,* 143 A.D.2d 637, 532 N.Y.S.2d 891 (2d Dep't 1988) (statute inapplicable where plaintiff was injured while measuring heating ducts). Defendant Amtrak's motion for summary judgment with respect to § 240(1) is, therefore, granted; and Plaintiff's cross-motion for summary judgment as against Amtrak on this claim is denied.

### III. *Section 241(6)*

■ Plaintiff next alleges that Defendant Amtrak is liable for his injuries pursuant to § 241(6) of the New York Labor Law. This statute imposes a non-delegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. *Comes v. New York State Elec. and Gas Corp.,* 82 N.Y.2d 876, 609 N.Y.S.2d 168, 631 N.E.2d 110 (Ct.App.1993). Section 241 provides, in relevant part, that

[a]ll contractors and owners and their agents, . . . when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements:

6. All areas in which construction, excavation, or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of the subdivision, and the owners and contractors and their agents for such work . . . shall comply therewith:

N.Y. Labor Law § 241(6) (Supp.1994). The "rules" referenced in the statute include Industrial Code Rule No. 23, which defines "construction work" as

[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures, ... and includes, by way of illustration but not by way of limitation, the work of hoisting, land clearing, earth moving, grading, excavating, trenching, pipe and conduit laying, road and bridge construction, concreting, cleaning of the exterior surfaces including windows of any building or other structure under construction, equipment installation and the structural installation of wood, metal, glass, plastic, masonry and other building materials in any form or for any purpose.

12 N.Y.C.R.R. 23–1.4(13). The definitions provided in the Industrial Code may be relied upon to interpret the statutory language of Section 241(6). *DaBolt v. Bethlehem Steel Corp.*, 92 A.D.2d 70, 74, 459 N.Y.S.2d 503, 506 (4th Dep't 1983), *appeal dismissed by* 60 N.Y.2d 554, 467 N.Y.S.2d 1029, 454 N.E.2d 1318 (Ct.App.1983).

In response to Plaintiff's § 241 claim, Defendant Amtrak contends that summary judgment should be granted in its favor, in that Plaintiff was not engaged in "construction work." The Court agrees that Plaintiff's actions at the time of the incident do not fall within the purview of the statute. Although the definition of construction work set forth in the Industrial Code is quite broad, and includes such activities as "alterations," "repairs," and "maintenance," New York courts that have interpreted both the statute and the Industrial Code have concluded that these enumerated activities "must occur during the construction, demolition or excavation of a building or structure." *Malczewski v.*

*Cannon Design, Inc.*, 125 A.D.2d 941, 942, 510 N.Y.S.2d 339, 339 (4th Dep't 1986); *see also Houde v. Barton,* —— A.D.2d ——, ——, 609 N.Y.S.2d 411, 415 (3d Dep't 1994) (plaintiff's injuries "must necessarily have resulted from an accident in which construction, demolition or excavation was being performed.... In contrast, here, because [plaintiff] concededly was not involved in construction or demolition of buildings or in excavations associated therewith, summary judgment dismissing the Labor Law § 241(6) cause of action should have been granted"). Thus, § 241(6) does not apply unless the activity "change[s] the structural quality" of the building or structure. *Malczewski*, 125 A.D.2d at 942, 510 N.Y.S.2d at 339.

Applying the reasoning of these cases to the facts of this case, the Court finds that Plaintiff's § 241 claim must fail. Plaintiff's work was not related to the construction of a building or structure; instead, Plaintiff was merely engaged in routine maintenance work that did not affect the structural quality of the building.[2] Defendant Amtrak's motion for summary judgment with respect to this claim is, therefore, granted; and Plaintiff's cross-motion as against Amtrak on this claim is denied.[3]

### IV. Section 200(1) and Common–Law Negligence

Plaintiff's final cause of action is based upon an alleged breach of § 200(1) of the Labor Law, which codifies the common law duty of owners and general contractors to maintain a safe workplace. *Ross v. Curtis–Palmer Hydro–Electric Co.*, 81 N.Y.2d 494, 505, 601 N.Y.S.2d 49, 55, 618 N.E.2d 82,

---

**2.** The sole case cited by Plaintiff in support of his position, *DaBolt v. Bethlehem Steel Corp.*, 92 A.D.2d 70, 459 N.Y.S.2d 503 (4th Dep't 1983), is in keeping with the reasoning of cases cited in the text, and does not suggest a contrary result. In *DaBolt*, the plaintiff was injured while engaged in the repair of a "structure," a "separator" that was "30 feet high and 200 feet long." *DaBolt*, 92 A.D.2d at 71, 459 N.Y.S.2d at 504. Unlike the activities performed by Plaintiff in this case, the maintenance or repair performed by the plaintiff in *DaBolt* was encompassed by § 241, because it affected the "structural quality" of the separator. *See Malczewski*, 125 A.D.2d at 942, 510 N.Y.S.2d at 339.

**3.** A separate and independent ground for granting Defendant's motion and denying Plaintiff's cross-motion with regard to the § 241(6) claim is that Plaintiff has failed to allege a violation of any of the specific standards set forth in the implementing regulations. Because § 241(6) is not self-executing, the "failure to specify the violation of any regulation is fatal to his claim." *Simon v. Schenectady North Congregation of Jehovah's Witnesses*, 132 A.D.2d 313, 317, 522 N.Y.S.2d 343, 346 (3d Dep't 1987); *see also Ross v. Curtis–Palmer Hydro–Electric Co.*, 81 N.Y.2d 494, 601 N.Y.S.2d 49, 618 N.E.2d 82 (Ct.App. 1993).

88 (Ct.App.1993). Section 200(1) provides, in relevant part, that

> [a]ll places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein.... All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons.

N.Y. Labor Law § 200(1) (McKinney 1986). Liability under § 200 does not attach unless the owner or general contractor (1) exercised some degree of control or supervision of the work site, *Allen v. Cloutier Constr. Corp.*, 44 N.Y.2d 290, 299, 405 N.Y.S.2d 630, 633, 376 N.E.2d 1276, 1278 (Ct.App.1978); or (2) had actual or constructive notice of the condition that led to the injury. *Kesselbach v. Liberty Haulage, Inc.*, 182 A.D.2d 741, 742, 582 N.Y.S.2d 739, 740 (2d Dep't 1992).

Defendant Amtrak moves for summary judgment on the basis that it neither exercised control over the work performed by Plaintiff nor had notice of any alleged defect in the ladder. Because Plaintiff does not oppose this motion, and based upon the materials provided by the parties, the Court grants Defendant Amtrak's motion for summary judgment on the § 200 claim.

### Conclusion

For the foregoing reasons, the motion of Defendant Amtrak is granted, and Plaintiff's cross-motion for summary judgment as against Defendant Amtrak is denied. Having dismissed those claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). The remaining claims are, therefore, remanded to the state court. *Id.* at § 1447(c).

SO ORDERED.