Richard A. VOGEL

v.

W.A. SANDRI, INC., A.R. Sandri, Inc., and J.W. Sandri, Inc.

Civ. No. 2:93–CV–284.

United States District Court, D. Vermont.

Aug. 31, 1995.

Mary P. Kehoe, Saxer, Anderson, Wolinsky & Sunshine, Burlington, VT, for plaintiff.

Joseph E. McNeil, McNeil, Leddy & Sheahan, P.C., Burlington, VT, for defendants.

### RULING ON CROSS–MOTIONS FOR PARTIAL SUMMARY JUDGMENT

(papers 54 and 60)

MURTHA, Chief Judge.

Plaintiff Richard Vogel, who owns a gas station in Burlington, Vermont, has brought this action against W.A. Sandri, Inc., A.R. Sandri, Inc., and J.W. Sandri, Inc. (hereinafter collectively referred to as "Sandri"), three corporations collectively involved in supplying the plaintiff with Sunoco-brand fuels. In Count VI of his Second Amended Complaint, the plaintiff asks the Court to declare the parties' gasoline supply agreement does not constitute a "requirements contract" within the meaning of 9A V.S.A. § 2–306. Both Vogel and Sandri have moved for summary judgment on the issue of whether the parties' agreement requires the plaintiff to purchase all his fuel from the defendants. For the reasons set forth below, the plaintiff's Motion for Partial Summary Judgment (paper 60) is DENIED, and the defendants' Motion for Partial Summary Judgment (paper 54) is GRANTED.

### I. Background

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When parties have filed cross-motions, each party has an initial burden of informing the Court of the basis for its motion and of identifying those parts of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Latimer v. Smithkline and French Laboratories,* 919 F.2d 301, 303 (5th Cir.1990) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Where, as here, each motion for partial summary judgment is supported by affidavits or other documentary evidence, the party opposing that motion must set forth specific facts which show that there is a genuine, material issue for trial. *See King Service, Inc. v. Gulf Oil Corp.,* 834 F.2d 290, 295 (2d Cir.1987). Accordingly, an opposing party must come forward with enough evidence to support a verdict in its favor. It cannot defeat a properly supported motion merely by presenting a metaphysical doubt, conjecture or surmise concerning the facts. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Borthwick v. First Georgetown Securities, Inc.,* 892 F.2d 178, 181 (2d Cir.1989). Only disputes over facts which might affect the outcome of the suit under the governing law preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Upon review of the submissions of the parties, the Court finds the following facts undisputed and material to the issue presently under consideration. *See* Local Rule 5(c). Plaintiff Richard A. Vogel is the owner of a service station in Burlington. The Sandri corporations supply Vogel with Sunoco-brand motor fuel for resale at his station.

The record discloses a long-term, exclusive relationship between the plaintiff and the Sun Oil Company (hereinafter "Sunoco"). Prior to 1976, Vogel leased his station from Sunoco. He purchased all of his fuel from Sunoco under a Dealer's Agreement dated October 31, 1975 (hereinafter "the 1975 Dealer's Agreement"). In relevant part, the 1975 Dealer's Agreement provided:

> [The] Company agrees to sell to the named Dealer (whether one or more) and the Dealer agrees at all times during the term of this Agreement to buy from Company, to have available for sale and to sell on the Premises herein described, Company's branded gasoline and gasoline blending agents, now or hereinafter offered by Company to Dealer.

In 1976, Sunoco sold the station and assigned the lease and the 1975 Dealer's Agreement to Sandri. From 1976 through December 17, 1981, Vogel's station remained a Sunoco station, and Vogel purchased all motor fuel required at his station from Sandri.

In 1981, Sandri sold the station to Vogel pursuant to an Agreement for Sale of Real Estate dated October 15, 1981 (hereinafter the "Agreement for Sale"). The Agreement for Sale required Sandri and Vogel to enter into a "lease/lease-back" arrangement whereby Vogel was required at the time of purchase to lease the station to Sandri for a term of ten years, plus two five-year renewal terms. Sandri, in turn, would lease the station back to Vogel under a separate sublease. According to the defendants, the parties entered into this arrangement to accommodate both Vogel's desire to purchase the gas station and Sandri's desire to maintain its long-term sales relationship with a competent Sunoco dealer. *See generally* Affidavit of Michael Behn (paper 57).

The parties' Dealer's Agreement dated December 17, 1981 (hereinafter "the 1981 Dealer's Agreement"), entered into when Sandri leased the station back to Vogel, provides:

> 3. RESALE OF COMPANY PRODUCT: Dealer understands and agrees that the resale by Dealer of branded gasoline and gasoline blending agents of which Company is a distributor under the trademarks, brands, insignia and emblems indicated by Company is of essence of this Agreement.

In language reminiscent of that found in the 1975 Dealer's Agreement, the 1981 Dealer's Agreement further provides:

> ("Company") agrees to sell to the named Dealer (whether one or more), and Dealer agrees at all times during the term of this Agreement to buy from Company, to have available for sale and to sell on the premises herein described, such branded gasoline blending agents of which Company is a distributor, as may now or hereafter be offered by Company to Dealer.

From December 1981 through the present, Vogel's station has remained a Sunoco station, and Vogel has purchased from Sandri all of his fuel requirements. The defendants ask the Court to declare the 1981 Dealer's

Agreement a "requirements contract" under which the plaintiff must continue to purchase all his fuel for his Sunoco station from Sandri. Despite the uncontroverted, multi-year performance of the parties, the plaintiff contends that he is now free to purchase motor fuels for his Sunoco station from any available source.

## II. Discussion

Title 9A V.S.A. § 2–306(2) defines a "requirements contract" as "[a] lawful agreement by either the seller or the buyer for exclusive dealing in the kinds of goods concerned [which] imposes unless otherwise agreed an obligation by the seller to use best efforts to supply the goods and by the buyer to use best efforts to promote their sale." The plaintiff maintains that the 1981 Dealer's Agreement cannot be construed as a requirements contract because, on its face, it does not obligate him to purchase all motor fuels required in his business exclusively from Sandri. *See* Plaintiff's Memorandum of Law (paper 61) at 1. He bases his argument on the fact that the contract does not contain a "quantity term" such as "all" fuel. *See* Plaintiff's Memorandum at 2. The undisputed facts in this case make the plaintiff's argument untenable.

Under Vermont law, the question of whether a contract term is ambiguous is a matter of law for the court to decide. *See, e.g., Isbrandtsen v. North Branch Corp.,* 150 Vt. 575, 577, 556 A.2d 81 (1988). "A provision in a contract is ambiguous only to the extent that reasonable people could differ as to its interpretation." *Id.* An unambiguous provision must be afforded its plain, ordinary meaning. *Trustees of Net Realty Holding Trust v. AVCO Financial Services of Barre, Inc.,* 144 Vt. 243, 248, 476 A.2d 530 (1984).

To determine whether ambiguity exists, this Court may consider the circumstances surrounding the making of the agreement. "Ambiguity will be found where a writing in and of itself supports a different interpretation from that which appears when it is read in light of the surrounding circumstances, and both interpretations are reasonable." *Isbrandtsen,* 150 Vt. at 579, 556 A.2d 81.

Viewing the language in the instant contract in light of the surrounding circumstances, the Court finds no ambiguity. The parties' contract contemplates the establishment and continuation of an exclusive buyer-seller relationship for Sunoco products at the plaintiff's gas station. Moreover, the parties' actions demonstrate that they both have understood their agreement to be a requirements contract. Sandri has provided the only fuel product sold at plaintiff's station for many years. *See* 9A V.S.A. § 2–202 (Contract terms may be explained or supplemented by course of dealing, usage of trade or course of performance.); *see also* 9A V.S.A. § 2–208(1) ("Where the contract for sale involves repeated occasions for performance ... any course of performance accepted or acquiesced in without objection shall be relevant to determine the meaning of the agreement.") Under these circumstances, the plaintiff cannot reasonably argue that the absence of a term such as "all" fuel nullifies this long-standing contractual relationship. *See Judge Development Corp. v. Bank of New York,* 814 F.Supp. 384, 388–89 (D.Vt. 1993).

## Conclusion

The plaintiff's Motion for Partial Summary Judgment on Count VI is DENIED. The defendants' Motion for Partial Summary Judgment on Count VI is GRANTED.

SO ORDERED.