[662 NYS2d 458]

WARREN MALSCH et al., Appellants, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff, and SEA BREEZE LAND DEVELOPMENT CORPORATION, Respondent and Third-Party Plaintiff-Respondent. AMTOL RADIO COMMUNICATION SYSTEMS, INC., Third-Party Defendant-Respondent.

First Department, September 11, 1997

2

APPEARANCES OF COUNSEL

*David M. Schwarz* of counsel, New York City *(Perry & Schwarz, P. C.,* attorneys), for appellants.

*Carol L. Schlitt* of counsel, New York City *(Acito & Klein, P. C.,* attorneys), for respondent and third-party plaintiff-respondent.

*Martin Lerner,* Huntington Station, for third-party defendant-respondent.

### OPINION OF THE COURT

TOM, J.

This action arises from an accident on June 26, 1986, when plaintiff fell several stories from a defective ladder and sustained fractures and back injuries. Plaintiff had been installing a two-way radio system for the use of defendant Sea Breeze Land Development Corporation's employees, who were engaged in construction of a food court and parking lot at Orchard Beach. Sea Breeze had hired plaintiff's employer, third-party defendant Amtol Radio Communication Systems, to install the radio system. The radio system required the stringing of some 75 feet of cable and the installation of an antenna at the highest point on Orchard Beach, which was on the roof of the subject building. During the installation, plaintiff utilized a

ladder affixed to and extending up the length of the building to the roof, with inverted U-shaped rails on top of both sides of the ladder extending over the roof. However, an obstruction on the ladder blocked the passage between these rails, necessitating plaintiff to step around the obstruction as he tried to access the roof. It is undisputed that he fell from the ladder as a result of the obstruction in the center of the ladder.

Plaintiff commenced an action against Sea Breeze, asserting, *inter alia*, violations of Labor Law § 240 (1), §§ 241-a and 241 (6), arising from the fall from the defective ladder. Sea Breeze brought a third-party action against Amtol and Amtol moved for summary judgment dismissing the complaint. The motion court dismissed plaintiff's cause of action under Labor Law § 240 on the finding that the installation of an antenna on a rooftop is not an alteration within the meaning of the statute. The court also dismissed the cause of action based on an alleged violation of Labor Law § 241-a since plaintiff was not injured while working in an elevator shaftway, hatchway or stairwell. However, the court denied Amtol's motion to dismiss plaintiff's Labor Law § 241 (6) cause of action on the ground that a question of fact existed as to whether construction was ongoing at the site where plaintiff fell. Plaintiff appeals that portion of the order dismissing his cause of action asserting a violation of Labor Law § 240 (1).

Labor Law § 240 (1) provides in relevant part that: "All contractors and owners and their agents * * * who contract for * * * work, in the erection, demolition, repairing, *altering,* painting, cleaning or pointing of a *building* or *structure* shall furnish or erect, or cause to be furnished or erected for the performance of such labor * * * ladders * * * and other devices which shall be so constructed, placed and operated so as to give proper protection to a person so employed." (Emphasis added.) The legislative intent of Labor Law § 240 was to provide a remedy to injured workers commensurate with the dangerous conditions created by elevation differentials at work sites, by requiring specific safety precautions for such workers who work under "unique gravity-related hazards" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491, *rearg denied* 87 NY2d 969), in furtherance of which the statute's terms are to be liberally construed (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513). The parties do not dispute the nature or cause of the fall for present purposes. Rather, third-party defendant contends that the nature of the work did not bring the fall and consequential injuries within the statute.

However, under analogous circumstances, we have found a basis for liability when the plaintiff was installing a replacement fire alarm system (*Tate v Clancy-Cullen Stor. Co.*, 178 AD2d 292) or when he was installing cable wire in, and to, the building (*Rodriguez v New York City Hous. Auth.*, 194 AD2d 460), which satisfied the statutory requirement of "alteration" (*accord, Atwell v Mountain Ltd.*, 184 AD2d 1065 [Fourth Dept] [threading telephone cable through air vent and through ceiling constituted "alteration"]) in addition to "repair." In each case, the object of the work constituting the "alteration" was a physical structure affixed to the building, or else involved the installation of wiring, also to be affixed to the building (*cf., Manente v Ropost, Inc.*, 136 AD2d 681 [replacement of light bulb in parking lot lamp post; not part of building or structure]).

In reaching this conclusion, we note that the Second (*Kesselbach v Liberty Haulage*, 182 AD2d 741) and Third (*Borzell v Peter*, 285 App Div 983) Departments have reached different conclusions on fact patterns closer to the one before us, specifically finding that the installation of an antenna would not constitute an alteration under Labor Law § 240. However, the Third Department's *Borzell* ruling dates from 1955; the Second Department's *Kesselbach* ruling cites only to *Borzell*. Neither ruling is consistent with the underlying reasoning in our own line of authority, and we decline to adopt them. Parenthetically, the Second Department, in a later ruling, found that removal of computer cable "clearly constituted an alteration covered by Labor Law § 240 (1)" (*Walsh v Applied Digital Data Sys.*, 190 AD2d 731, 732), which would be in accord with our reasoning in *Tate (supra)* and *Rodriguez (supra)*, but which we would have found to be inconsistent with the reasoning in *Kesselbach*.

We modify to reinstate the cause of action claiming a violation of Labor Law § 240 (1).

No cross appeal is taken from the branch of the order under review that denied defendant's motion for summary judgment dismissing the claim asserted under Labor Law § 241 (6), and we do not reach the issue.

Accordingly, the order of Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about August 16, 1996, granting the motion of third-party defendant Amtol Radio Communication Systems, Inc., for summary judgment to the extent of dismissing the causes of action sounding in violations of Labor Law §§ 240 and 241-a, should be modified, on the law, to reinstate the cause of action alleging a violation of Labor Law § 240 (1), and otherwise affirmed, without costs.

ANDRIAS, J. (dissenting). The cause of action under Labor Law § 240 (1) was properly dismissed on the ground that installation of a radio antenna is not within the purview of that statute (*Kesselbach v Liberty Haulage*, 182 AD2d 741; *Borzell v Peter*, 285 App Div 983). However, the court erred in not dismissing the Labor Law § 241 (6) cause of action, there being no evidence in the incomplete record on appeal that the installation of the antenna was part of an ongoing construction project (*Kesselbach v Liberty Haulage, supra; Vernieri v Empire Realty Co.*, 219 AD2d 593). All that appears is that laborers were on the site performing preliminary work, such as the radio communications system plaintiff was installing, facilitative of the construction work (12 NYCRR 23-1.4 [b] [13]) that had not yet begun.

SULLIVAN, J. P., and MAZZARELLI, J., concur with TOM, J.; ANDRIAS, J., dissents in a separate opinion.

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about August 16, 1996, modified, on the law, to reinstate the cause of action alleging a violation of Labor Law § 240 (1), and otherwise affirmed, without costs.