■ BENJAMIN HORTON, III, Appellant, v HEIDI M. OTTO et al., Respondents. [678 NYS2d 139] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated September 19, 1997, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was hired by the defendant Heidi M. Otto to perform odd jobs. While sanding a door located at the top of a

three-step landing, the plaintiff became aware that Otto's dog had snatched an extension cord connected to a power sander and was pulling the sander off the steps. As the plaintiff attempted to grab the sander and the cord, he fell, sustaining injuries. He thereafter commenced this action against the defendants seeking damages pursuant to, *inter alia*, Labor Law §§ 200, 240 (1), and § 241 (6). After issue was joined, the defendants moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court held that in response to the defendants' prima facie case, the plaintiff failed to raise a triable issue of fact as to any of his causes of action and dismissed the complaint. We affirm.

Since the plaintiff failed to offer evidence that the defendant Parc Brook Farms, Inc. was either his employer or owned the property at issue, the action was properly dismissed insofar as asserted against it.

Further, the plaintiff failed to raise a triable issue of fact that there was a defect in the premises or, if there was, that Otto had actual or constructive notice of the defect. Thus, the plaintiff's claim pursuant to Labor Law § 200 was properly dismissed (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 838).

In addition, the plaintiff failed to raise a triable issue of fact that his injuries arose from the special elevation-related hazards against which the law is intended to provide protection (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *cf., Charles v City of New York,* 227 AD2d 429). Therefore, the plaintiff's claim pursuant to Labor Law § 240 (1) was properly dismissed. Moreover, since the plaintiff has failed to establish any claim under Labor Law § 240 (1), we need not determine whether the statutory exemption provided by that statute for owners of one and two-family dwellings who contract for but do not direct or control the work is applicable.

Finally, the plaintiff failed to raise a triable issue of fact that he was engaged in "construction work" as defined by the Industrial Code (12 NYCRR 23-1.4 [b] [13]; *see, Kesselbach v Liberty Haulage,* 182 AD2d 741). Consequently, his claim pursuant to Labor Law § 241 (6) was also properly dismissed. Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.