■ JOHN D. TASSONE, JR., Respondent, v MID-VALLEY OIL COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. NORTH STAR VIDEO, INC., Third-Party Defendant-Respondent. [738 NYS2d 103] —Mercure, J.P. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered March 26, 2001 in Columbia County, which granted third-party defendant's motion for summary judgment dismissing the third-party complaint and granted plaintiff's cross motion for summary judgment on the issue of liability under Labor Law § 240.

Plaintiff sustained the injuries forming the basis for this action on April 10, 1997, when he fell from the roof of an Xtra Mart store owned by defendant while he was in the process of installing a satellite communication system in connection with his employment with third-party defendant. The complaint seeks damages for defendant's negligence and violation of Labor Law § 240 (1). Defendant in turn asserts contribution and indemnification claims against third-party defendant. Following joinder of issue, third-party defendant moved for summary judgment dismissing the third-party complaint on the ground that plaintiff did not suffer a grave injury within the purview of Workers' Compensation Law § 11. Plaintiff cross-moved for summary judgment against defendant on the issue of liability on his Labor Law § 240 cause of action. Supreme Court granted both motions and defendant appeals.

Initially, we reject the contention that Supreme Court erred in awarding summary judgment in favor of third-party defendant based on its conclusion that the evidence adduced on the motion failed to support a finding that plaintiff sustained "an acquired injury to the brain caused by an external physical force resulting in permanent total disability" (Workers'

Compensation Law § 11). Notably, although the evidence shows that plaintiff suffered a "severe closed head injury and traumatic encephalopathy" and that he continues to experience undiagnosed pain in his back and left lower extremities, his medical tests reveal normal results and provide no support for the conclusion that he suffered total and permanent disability as a result of his brain injury. To the contrary, a September 19, 2000 neurological examination revealed "no consequential evidence of neurologic disability that can relate to head trauma" (*see, Dunn v Smithtown Bancorp*, 286 AD2d 701; *Barbieri v Mount Sinai Hosp.*, 264 AD2d 1, 6-7; *cf., Way v Grantling*, 289 AD2d 290).

Nor are we persuaded that Supreme Court erred in awarding partial summary judgment to plaintiff on the issue of liability pursuant to Labor Law § 240. The evidence presented on the summary judgment motion shows that the work being performed by plaintiff at the time of his accident involved the mounting of the satellite dish support structure on the roof of the building and the routing of wire from the unit's radio frequency head through a hole drilled in the wall or roof of the building and then through the interior of the building to connection points on a digital interface unit mounted inside the building. In our view, that work involved "a *significant* physical change to the configuration or composition of the building or structure" and, thus, the "altering" of the structure within the purview of Labor Law § 240 (1) (*Joblon v Solow*, 91 NY2d 457, 465 [emphasis in original] [installation of wall clock]; *see, Weininger v Hagedorn & Co.*, 91 NY2d 958 [running computer network and telephone cable through ceiling]; *Di Giulio v Migliore*, 258 AD2d 903 [tuning satellite dish assembly and running cable into building]; *Malsch v City of New York*, 232 AD2d 1 [installation of radio antenna and stringing of cable]; *Atwell v Mountain Ltd.*, 184 AD2d 1065 [threading of telephone cable through building air vent and then through ceiling]).

Finally, the fact that plaintiff was supplied with a properly functioning ladder to gain access to the roof does not absolve defendant of liability under Labor Law § 240 (1). Although the ladder properly fulfilled its purpose of providing plaintiff with access to the roof, no safety device was provided to protect plaintiff against the second risk of falling from the roof once he had gained access to it (*see, Felker v Corning Inc.*, 90 NY2d 219, 224-225). Defendant's remaining contentions have been considered and found to be unavailing.

Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.