■ A. HOWARD SMITH et al., Respondents, v INNOVATIVE DYNAMICS, INC., Appellant. [809 NYS2d 216]—

Mugglin, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered March 14, 2005 in Tompkins County, which, inter alia, denied defendant's cross motion for summary judgment dismissing the complaint.

Defendant was retained by the Department of Transportation (hereinafter DOT) to develop a solar powered infrared camera system which could detect highway conditions and turn on street lights to warn motorists of ice or other hazards. As designed, the system included an 18-foot tall by 6 inch in diameter aluminum pole, a cabinet containing deep cycle batteries, a recharger controller, solar panels to power the batteries, and a camera. While the cabinet was to sit on the ground at the base of the pole, the solar panels were to be mounted at the top of the pole with the camera directly beneath them. To evaluate defendant's progress, DOT installed such a pole on defendant's property.

Plaintiff A. Howard Smith (hereinafter plaintiff), an independent contractor who worked on various projects for defendant, performed a survey so that DOT's auger would not sever any utility lines when DOT employees erected the pole. Plaintiff's further involvement in this project included being present when the pole was erected, designing metal straps and harnesses for use in hanging the solar panels and camera, placing the cabinet at the foot of the pole, and "loosely" affixing the solar panel about 10 feet above the ground, using the cabinet as a work

platform. On the day of his accident, plaintiff was asked to install the camera so that tests could be performed the following day. Although it was not necessary, for test purposes, to position the solar panels and camera at the top of the pole, plaintiff determined that the camera angle was too oblique and, therefore, it was necessary to raise the solar panels above 10 feet. To accomplish this, plaintiff placed defendant's ladder against the pole and climbed up the ladder, intending to tie the ladder near the top of the pole to secure it. During this process, the ladder shifted, causing plaintiff to fall and fracture his right wrist and right ankle. Plaintiff, and his wife derivatively, sued, asserting causes of action in common-law negligence as well as Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, plaintiffs moved for partial summary judgment on their Labor Law § 240 (1) cause of action and defendant cross-moved for dismissal of the complaint. Supreme Court granted plaintiffs' motion and denied defendant's cross motion. Defendant appeals.

While defendant concedes that plaintiff's work consisted of more than maintenance, defendant argues that plaintiff's activity on the day of the accident—installation of the camera—is not activity covered by Labor Law § 240 (1) as it is neither the erection nor alteration of a structure. We disagree and find that defendant's argument "isolate[s] the moment of injury and ignore[s] the general context of the work" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]). As the attachments are integral to the functioning of the project, the structure includes the pole with its various attachments. Construction is not complete until the attachments are in place (*see e.g. Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, 198-200 [1996], *affd* 89 NY2d 952 [1997]). Even if we were to accept defendant's argument that the project should be bifurcated, thus isolating the erection of the pole from the installation of the attachments, we would still find that plaintiff enjoys the protection of Labor Law § 240 (1) since the installation of the attachments would constitute an alteration of the structure (*see Ray v Niagara Mohawk Power Corp.*, 256 AD2d 1070, 1070-1071 [1998]; *Malsch v City of New York*, 232 AD2d 1, 4 [1997]).

Liability having been established and damages being the sole remaining issue, we find it unnecessary to address defendant's remaining arguments that plaintiffs have no common-law negligence or Labor Law §§ 200 and 241 (6) causes of action.

Crew III, J.P., Peters and Rose, JJ., concur. Ordered that the order is affirmed, with costs.