OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and a new trial granted.
*815 Plaintiffs decedent, an electrician employed by third-party defendant K & R Electric, sustained fatal injuries when he fell from a ladder supplied by his employer for use in connection with work on an electrical sign owned by defendant Ficarra Furniture and attached to a building owned by defendant 1000 Sunrise Highway. Plaintiff brought this wrongful death action against defendants claiming, among other things, that decedent’s injuries were caused by a violation of Labor Law § 240. The trial court, despite plaintiffs objections, limited its charge on the potential Labor Law violations to defendants’ duty pertaining to the ladder. The jury found defendants not liable for decedent’s injuries. The trial court’s charge was in error and a new trial is required.
The testimony at trial showed that decedent had not been supplied with safety belts, insulated gloves, hard hats, or scaffolds. Plaintiff’s expert witness, a consulting safety engineer, stated that a Baker-type scaffold and insulated gloves should have been provided to decedent and that in the event a ladder was used, decedent should have been provided with a safety belt or a safety line. Given this unrebutted proof, it was error for the trial court to charge the jury that under Labor Law § 240 the only question was whether the ladder given to plaintiff was "improperly placed or operated” and that the jury should disregard any question as to the other safety devices mentioned in the statute.
Defendants contend that the claimed charge error is of no moment because — as the Appellate Division held — Labor Law § 240 (1) should not have been charged at all since the electric sign was not a part of a "building or structure”. We disagree and instead adopt the conclusion of the trial court, implicit in its decision to charge Labor Law § 240, that the sign, which was extended across the facade of the premises occupied by Ficarra Furniture at a height of 15 feet and was affixed so as to be held flat against the building wall, was part of the building for purposes of the statute.
We also reject defendants’ argument that decedent was not performing the type of work which is covered by Labor Law § 240. At the time of the accident, decedent was attempting to repair the sign which was operating improperly. "Repairing” is one of the specifically enumerated categories of work covered by the statute (see, Labor Law § 240 [1]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.