■ GARY N. ARBUSTO et al., Respondents, v FORDHAM UNIVERSITY, Appellant and Third-Party Plaintiff-Appellant. ANDRON CONSTRUCTION CORP., Third-Party Defendant-Respondent.—Order, Supreme Court, Bronx County (Harold Tompkins, J.), entered December 2, 1988, which granted plaintiffs' motion for partial summary judgment and denied defendant's motion for the same relief against the third-party defendant, unanimously affirmed, without costs.

Plaintiff Gary Arbusto was injured in an accident while working on the roof of a building owned by defendant Fordham, during a construction project on which the contractor was third-party defendant Andron. The record showed that necessary safety devices were made generally available to workers upon their request and were kept somewhere on the work site. However, under Labor Law § 240, the statutory liability of an owner for failing to provide proper safety devices to a workman is absolute *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521). The owner cannot escape liability by showing that "a safety device of one sort or another was made available to the injured employee at the work site" *(Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957, 958). To hold otherwise "would necessarily

be to shift to a worker the burden which the statute pointedly places upon the owner and contractor" *(Heath v Soloff Constr.,* 107 AD2d 507, 512). Accordingly, the motion court properly granted the plaintiffs' motion for summary judgment based on section 240 of the Labor Law.

Fordham cannot prevail on its third-party action against Andron for indemnification on the basis of a contract clause requiring indemnification from Andron regardless of whether or not Mr. Arbusto's injuries were caused by Fordham. This contract provision is void as a matter of public policy pursuant to General Obligations Law § 5-322.1, regardless of how slight Fordham's liability may be *(Brown v Two Exch. Plaza Partners,* 146 AD2d 129, 137, *lv granted* 74 NY2d 915). Summary judgment was properly denied on the issue of whether or not Fordham exercised control at the construction site, since one of three witnesses whose deposition transcripts formed the basis for the motion and cross motion specifically testified that Fordham employees gave instructions to Andron's supervisor. Concur—Carro, J. P., Milonas, Asch, Ellerin and Rubin, JJ.