■ ANGELO FERRARI, Appellant, v NIASHER REALTY, INC., Respondent. (Appeal No. 1.)—Judgment modified on the law and as modified affirmed with costs to plaintiff, in accordance with the following Memorandum: Supreme Court erred in

denying plaintiff's motion for partial summary judgment on liability under section 240 (1) of the Labor Law. Plaintiff fell 25 feet to the ground while removing storm windows for storage at defendant's building. Plaintiff's employer was standing on a canopy holding the bottom of a ladder plaintiff was using. Plaintiff fell as he was removing a storm sash, which was secured with butterfly screws, from the top part of a window.

Section 240 (1) provides, in pertinent part: "All contractors and owners and their agents * * * in the * * * altering * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor * * * ladders * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." By enacting section 240 (1), the Legislature intended to protect workers at elevated heights (see, Lockwood v National Valve Mfg. Co., 143 AD2d 509). The statute should be " 'construed as liberally as may be for the accomplishment of the purpose for which it was thus framed' " (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521, rearg denied 65 NY2d 1054, quoting Quigley v Thatcher, 207 NY 66, 68). Thus viewed, plaintiff's removal of the storm windows may be considered an "altering" for purposes of section 240 (1) (see, Izrailev v Ficarra Furniture, 70 NY2d 813, 815; Bland v Manocherian, 66 NY2d 452, 460; see also, Terry v Young Men's Hebrew Assn., 168 AD2d 399).

Moreover, this Court recently held that the installation of cable television on a utility pole constituted an "altering" for purposes of section 240 (1) (Dedario v New York Tel. Co., 162 AD2d 1001, 1003). There, the plaintiff climbed the pole, detached the subscriber's cable, removed a frequency trap and then reconnected the cable. There is no significant distinction between the removal of the frequency trap in Dedario and plaintiff's removal of a storm window here.

Lastly, as the First Department recently held, "[t]he fact that plaintiff also sought recovery under section 202 of the Labor Law, specifically pertaining to 'window cleaning', does not preclude plaintiff from relying on section 240" (Terry v Young Men's Hebrew Assn., 168 AD2d, supra, at 400).

Accordingly, plaintiff should have been granted partial summary judgment on liability under Labor Law § 240 (1) and the jury should have been charged on that cause of action. Therefore, plaintiff is entitled to $500,000 in damages, the full amount awarded by the jury, since plaintiff's contributory

negligence is no defense *(see, Klien v General Foods Corp.,* 148 AD2d 968, 969). Given this resolution, the other issues raised on appeal are academic.

All concur, except Lawton and Davis, JJ., who dissent in part and vote to affirm, in the following Memorandum.

Lawton and Davis, JJ. (dissenting in part). We respectfully dissent in part and would affirm the judgment and deny plaintiff's motion for partial summary judgment.

Plaintiff was employed as a window cleaner by James D. Shine, doing business as Eastern Janitorial and Window Cleaning Services. On May 17, 1986, plaintiff was removing storm windows and washing what he described to be the "house" windows at a three-story building owned by defendant when he fell from a ladder and was seriously injured. The ladder had been placed on a canopy that ran along the top of the first floor windows with the upper part of the ladder flush against the building between the windows. A fellow employee held the bottom of the ladder in place. To carry out his work, plaintiff was required to remove the storm windows, wash the building windows and "put the storm windows away for the season". Plaintiff had removed three storm windows and was "unscrewing the butterfly hooks" in order to remove the fourth storm window, when his weight caused the top of the ladder to move away from the building. Plaintiff fell onto the canopy and then onto the street below. He commenced this action alleging violations of Labor Law §§ 202 and 240 (1). Thereafter, plaintiff moved for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. Supreme Court denied his motion. The court concluded that Labor Law § 240 (1) was inapplicable. We would affirm. We agree with Supreme Court that Labor Law § 240 (1) was not intended to apply to routine maintenance activities similar to the work engaged in by plaintiff *(see, Manente v Ropost, Inc.,* 136 AD2d 681, 682). Further, in our view, Labor Law § 240 (1) does not apply here because plaintiff was not engaged in "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" at the time of his fall. Plaintiff's removal of storm windows in preparing to wash the "house" windows did not constitute the alteration of the building within the meaning of Labor Law § 240 (1). Alteration is defined as: "[v]ariation; changing; making different. A change of a thing from one form or state to another; making a thing different from what is was without destroying its identity" (Black's Law Dictionary 77 [6th ed 1990]). To accept plaintiff's expansive interpretation of Labor Law § 240

(1) as encompassing the work that he was performing, would render the statutory protection afforded by Labor Law § 202 meaningless *(see, Staples v Town of Amherst,* 146 AD2d 292, 301). (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Negligence.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.