■ PATRICK J. NEVILLE et al., Appellants, v RAYMOND J. DETERS et al., Respondents and Third-Party Plaintiffs. PINE SIGN Co., INC., Third-Party Defendant-Respondent.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff sustained injuries when a ladder which he was climbing kicked out, throwing him to the ground. At the time of the accident, plaintiff was engaged in replacing a sign which was affixed to a building owned by defendants Deters and Skuller, part of which was leased to defendant Slipko. Plaintiff commenced an action seeking to recover damages for his injuries, alleging, *inter alia,* a claim pursuant to section 240 (1) of the Labor Law.

Supreme Court erred by denying plaintiff's motion for partial summary judgment on this claim. Plaintiff was engaged in an activity entitling him to the protection of the statute *(see, Izrailev v Ficarra Furniture,* 70 NY2d 813, 815). Moreover, it is undisputed that plaintiff fell from an elevated worksite *(see, Staples v Town of Amherst,* 146 AD2d 292).

Defendants argue that a question of fact exists concerning their liability under the statute because plaintiff had brought with him to the site other ladders as well as a truck with a boom, but did not use them. We disagree. It is well settled that the mere presence of safety devices at the worksite does not diminish defendant's liability *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *rearg denied* 65 NY2d 1054; *Arbusto v Fordham Univ.,* 160 AD2d 191; *Heath v Soloff Constr.,* 107 AD2d 507, 510). In *Heath (supra,* at 512), this Court held that "an owner and contractor do not fulfil their statutory obligation and thereby escape the imposition of absolute liability merely by demonstrating that there was present somewhere at a job site a ladder which might have been used by a worker for the safer performance of his assigned work."

Supreme Court's reliance upon this Court's holding in *Smith v Hooker Chems. & Plastics Corp.* (89 AD2d 361, *appeal dismissed* 58 NY2d 824) is misplaced. That case involved a situation where the owner or contractor provided adequate safety devices, but the worker refused to use them. In that limited circumstance, this Court refused to impose upon the owner or contractor a continuing duty of supervision to "insist that a recalcitrant worker use the devices" and summary judgment was denied *(Smith v Hooker Chems. & Plastics*

*Corp., supra,* at 365; *see also, Heath v Soloff Constr., supra,* at 510). Here, defendants did not provide any safety devices at all, so the *Smith* holding does not apply. (Appeal from Order of Supreme Court, Erie County, Sedita, J.—Summary Judgment.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.