■ FRANK R. BRICE, Respondent, v LAFAYETTE COUNTRY CLUB, INC., Appellant. (Appeal No. 1.)—Appeal from order insofar as it denied preclusion unanimously dismissed *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985) and otherwise order reversed on the law without costs and motion granted. Memorandum: Supreme Court erred by denying defendant's motion for partial summary judgment dismissing plaintiff's claim pursuant to Labor Law § 240 (1) and by granting plaintiff's cross motion to amend his bill of particulars to allege a violation of section 200 of the Labor Law. Plaintiff, a florist who had been hired by a member to decorate a room in defendant country club for a private party, was injured when he fell from a stepladder while hanging streamers from the ceiling. We conclude that the activity in which plaintiff was engaged, hanging streamers, is not a protected activity within the purview of the Labor Law *(cf., Izrailev v Ficarra Furniture,* 70 NY2d 813, 815; *Neville v Deters,* 175 AD2d 597; *Ferrari v Niasher Realty,* 175 AD2d 591; *Dedario v New York Tel. Co.,* 162 AD2d 1001). We cannot agree with plaintiff's argument that hanging streamers for a party is the alteration of a building or structure sufficient to invoke the protection of the Labor Law *(see generally, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 576-577).

Supreme Court correctly held that plaintiff's counsel did not violate Code of Professional Responsibility DR 7-104 (A) (1) by informally interviewing a maintenance person employed by defendant *(see, Niesig v Team I,* 76 NY2d 363, 374). Conse-

quently, upon reargument, defendant's motion for preclusion of the employee's statement and testimony was properly denied. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.