■ ROBERT E. LAWYER et al., Respondents, v ROTTERDAM VENTURES, INC., Appellant. [612 NYS2d 682] —Weiss, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 6, 1993 in Schenectady County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment on the issue of liability.

The complaint alleges that plaintiff Robert E. Lawyer (hereinafter Lawyer), while erecting a sign on the front of a portion of a building owned by defendant within the Rotterdam Industrial Park and leased to plaintiff's employer, fell from a ladder owned by the employer when it slipped and collapsed. Lawyer seeks money damages for serious personal injuries and asserts causes of action based on, *inter alia,* violations of Labor Law §§ 200, 240 (1) and § 241 (6); his wife asserts a derivative cause of action. Following joinder of issue and discovery, plaintiffs moved pursuant to CPLR 3212 (e) for partial summary judgment on the issue of liability and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion, finding defendant liable as an owner under Labor Law § 240 (1), and denied defendant's cross motion. This appeal by defendant ensued.

Labor Law § 240 (1) provides in relevant part: "All contractors and owners * * * shall furnish or erect, or cause to be furnished or erected * * * scaffolding, hoists, stays, ladders, slings, hangers * * * and other devices which shall be so constructed, placed and operated as to give proper protection

to a person so employed." The legislative purpose of the statute is to protect workers by placing the ultimate and absolute responsibility for safety practices on the owner and general contractor *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520; *Koenig v Patrick Constr. Co.,* 298 NY 313, 318)* and is to be construed as liberally as possible to accomplish that purpose *(see, Quigley v Thatcher,* 207 NY 66, 68). The duty is nondelegable and a violation imposes absolute liability upon owners and general contractors irrespective of whether they exercised supervision or control over the work *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502; *see also, Lombardi v Stout,* 80 NY2d 290, 295; *Haimes v New York Tel. Co.,* 46 NY2d 132, 136-137) and without regard for the negligence, if any, of the injured worker so long as the breach was the proximate cause of the injury *(see, Bland v Manocherian,* 66 NY2d 452, 459-461; *Zimmer v Chemung County Performing Arts, supra,* at 521).

There is little question that Lawyer's activity at the time of the accident (standing on a ladder to install a sign on defendant's building) is the type of work contemplated by Labor Law § 240 (1) *(see, Izrailev v Ficarra Furniture,* 70 NY2d 813, 815; *see also, Neville v Deters,* 175 AD2d 597). The underlying facts show the scenario to be one particularly subject to the risks inherent in an elevated work site and that the injuries were proximately caused by the failure of the ladder *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Garhartt v Niagara Mohawk Power Corp.,* 192 AD2d 1027, 1028; *see also, Jock v Fien,* 80 NY2d 965, 967-968).

Defendant's contention that Labor Law § 240 (1) is inapplicable because it did not contract for or employ anyone to erect the sign on its premises is unavailing. The cases that defendant relies upon are inapposite *(Chabot v Baer,* 82 AD2d 928, *affd* 55 NY2d 844 [fall from the defendant's roof while estimating repair cost]; *Gibson v Worthington Div. of McGraw Edison Co.,* 78 NY2d 1108 [design engineer fell from roof while inspecting damage]; *Meehan v Mobil Oil Corp.,* 184 AD2d 1021, *lv dismissed* 80 NY2d 925 [fall from ladder while removing salvage from a demolition site not owned by employer]; *Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970 [volunteer fell from ladder while working gratuitously]). To invoke the protections afforded by Labor Law § 240 (1) and be within the class of persons for whose benefit liability is imposed, a plaintiff must demonstrate he or she was both permitted or suffered to work on a building or structure and

that he or she was hired by someone, be it a contractor, an owner or its agent *(see, Gordon v Eastern Ry. Supply, supra; see also, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 576-577). Accordingly, we find that Supreme Court correctly granted plaintiff's motion for partial summary judgment and denied defendant's cross motion to dismiss the Labor Law § 240 (1) cause of action.

We turn next to defendant's contention that Supreme Court erred in failing to dismiss plaintiff's Labor Law § 241 (6) cause of action. That section, which imposes a nondelegable duty on owners to provide "reasonable and adequate protection and safety" to employees working in construction, excavation or demolition (Labor Law § 241 [6]; *see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501, *supra),* "is not self-executing and an action predicated upon Labor Law § 241 (6) must refer to a violation of the specific standards set forth in the implementing regulations (12 NYCRR part 23)" *(Simons v Schenectady N. Cong. of Jehovah's Witnesses,* 132 AD2d 313, 317; *see, Ross v Curtis-Palmer Hyrdo-Elec. Co., supra,* at 501-502).* The complaint alleges that defendant violated Labor Law § 241 "by failing to comply with other rules of the Board of Standards and Appeals", and plaintiffs' bill of particulars alleges that defendant violated 12 NYCRR 23-1.6, 23-1.17 and 23-1.21. Clearly the record does not support a violation of 12 NYCRR 23-1.6 or 23-1.17 because 23-1.6 requires an *employee* to observe the regulations and utilize safety equipment provided and 23-1.17 provides rules for the use of life nets, neither of which is applicable here. While 12 NYCRR 23-1.21 does pertain to ladders, plaintiffs failed to specify in admissible form or allege facts in their pleadings to establish a violation of that regulation. Accordingly, Supreme Court erred in denying defendant's cross motion to dismiss the cause of action under Labor Law § 241 (6).

We turn last to the denial of defendant's cross motion to dismiss the Labor Law § 200 (1) cause of action. This statute, which is a codification of the landowners' and general contractors' common-law duty to provide a safe workplace *(see, Ross v*

---

* It should be noted that the First and Fourth Departments disagree with this Department with respect to the requirement that a plaintiff must prove a violation of the specific standards set forth in the implementing regulations *(see, Leon v Peppe Realty Corp.,* 190 AD2d 400, 409 [1st Dept]; *Nagel v Metzger,* 103 AD2d 1, 7-8 [4th Dept]; *cf., Ares v State of New York,* 80 NY2d 959, 960 [failure to establish that violation of a safety regulation promulgated pursuant to Labor Law § 241 (6) was the proximate cause of the accident required dismissal]).

*Curtis-Palmer Hydro-Elec. Co., supra,* at 504; *Jock v Fien,* 80 NY2d 965, 967, *supra),* differs from Labor Law § 240 (1) and § 241 (6) in that the duties created under the latter two sections are nondelegable *(see, e.g., Bland v Manocherian,* 66 NY2d 452, 460, *supra)* while the former is not *(see, Lombardi v Stout,* 80 NY2d 290, *supra).* Additionally, Labor Law § 200 (1) is not self-executing without regard to external considerations such as rules and regulations, contracts or custom and usage *(see,* Labor Law § 240 [1]; § 241 [1]-[5]). Central to any recovery under Labor Law § 200 (1) is a demonstration that the owner or general contractor exercised some degree of supervisory control over that work *(e.g., Lombardi v Stout, supra,* at 295; *Kappel v Fisher Bros., 6th Ave. Corp.,* 39 NY2d 1039, 1041). There can be no liability under this statute for the negligent acts of others over whom the owner or general contractor had no direction or control *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299) or in the absence of actual or constructive notice of the alleged unsafe condition that caused the accident *(see, Rapp v Zandri Constr. Corp.,* 165 AD2d 639; *Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796; *Comes v New York State Elec. & Gas Corp.,* 189 AD2d 945, *affd* 82 NY2d 876).

We find little merit in plaintiffs' argument that the provision in defendant's lease requiring defendant's written approval of any sign on the demised premises equates to a right to control the manner or method of affixing the sign, or demonstrates the existence of a triable issue of fact as to whether defendant exercised control or had actual or constructive notice *(see, Lombardi v Stout, supra; Comes v New York State Elec. & Gas Corp., supra).* There has been no demonstration either that defendant could control the manner of the sign's installation or had notice that the ladder was defective or used in an unsafe manner *(see, Comes v New York State Gas & Elec. Corp., supra; La Fleur v Power Test Realty Co. Ltd. Partnership,* 159 AD2d 691). We therefore hold that Supreme Court erred in its denial of defendant's cross motion to dismiss the Labor Law § 200 (1) cause of action.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion regarding plaintiffs' causes of action alleging violations of Labor Law § 200 (1) and § 241 (6); cross motion granted to that extent, summary judgment awarded to defendant dismissing said causes of action; and, as so modified, affirmed.