(January 17, 1995)

■ GERALD P. BUCKLEY et al., Respondents, v DRAGON RADOVICH et al., Respondents, and ROSE LOMBARDI et al., Appel-

lants. (And Third-Party Actions.) [621 NYS2d 638] —In an action to recover damages for personal injuries, the defendant Rose Lombardi, individually, and Rose Lombardi as administratrix of the estate of John Lombardi appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated July 29, 1993, which denied her motion to dismiss the plaintiffs' second cause of action to recover damages for a violation of Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The plaintiff Gerald Buckley was employed by the third-party defendant, Fillmore Real Estate, Inc. (hereinafter Fillmore). On August 26, 1988, Buckley was instructed by Fillmore to erect a "For Sale" sign on a brick commercial building owned by the defendant Rose Lombardi and her now deceased husband John Lombardi (hereinafter the Lombardis). The metal sign, which was 3 feet by 5 feet, was to be attached to the brick facade of the Lombardis' building with masonry nails in a position so as to be visible from the street. Buckley, using a ladder, climbed up approximately 18 feet from the ground when the ladder tilted and he fell to the ground suffering injury.

Buckley and his wife commenced the instant action against the Lombardis, alleging, in the second cause of action of the complaint, that the Lombardis had violated Labor Law § 240 (1). Rose Lombardi individually and as administratrix of her husband's estate moved to dismiss the second cause of action. The Supreme Court denied the motion and the instant appeal ensued.

Labor Law § 240 (1) provides, in pertinent part, that "[a]ll contractors and owners and their agents * * * in the * * * altering * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor" certain specified safety devices.

The legislative purpose of the statute is to protect workers by placing the ultimate and absolute responsibility for safety practices on the owner and general contractor (see, Rocovich v Consolidated Edison Co., 78 NY2d 509, 513; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520; Koenig v Patrick Constr. Co., 298 NY 313, 318) and is to be construed as liberally as possible to accomplish that purpose (see, Quigley v Thatcher, 207 NY 66, 68). The duty is nondelegable and a violation imposes absolute liability upon owners and general contractors irrespective of whether they exercised supervision

or control over the work *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502; *see also, Lombardi v Stout,* 80 NY2d 290, 295; *Haimes v New York Tel. Co.,* 46 NY2d 132, 136-137) and without regard for the negligence, if any, of the injured worker so long as the breach was the proximate cause of the injury *(see, Bland v Manocherian,* 66 NY2d 452, 459-461; *Zimmer v Chemung County Performing Arts, supra,* 65 NY2d, at 521).

In view of these principles, the Supreme Court properly denied the Lombardi motion to dismiss the second cause of action in the complaint alleging a violation of Labor Law § 240 (1). Indeed, the holding of the Supreme Court is in accord with recent appellate authority on this issue.

In *Lawyer v Rotterdam Ventures* (204 AD2d 878), the plaintiff was injured when he fell from a ladder while erecting a sign on the front of a building owned by the defendant. The plaintiff commenced a personal injury action alleging, *inter alia,* a violation of Labor Law § 240. The defendant moved for summary judgment dismissing the complaint. The Appellate Division, Third Department, denied the defendant's motion holding that there was a cause of action under Labor Law § 240 (1). Specifically, the Appellate Division, Third Department, held: "There is little question that [the plaintiff's] activity at the time of the accident (standing on a ladder to install a sign on defendant's building) is the type of work contemplated by Labor Law § 240 (1) * * * The underlying facts show the scenario to be one particularly subject to the risks inherent in an elevated work site and that the injuries were proximately caused by the failure of the ladder" *(Lawyer v Rotterdam Ventures, supra,* 204 AD2d 878, 879). Similarly, in *Neville v Deters* (175 AD2d 597), the plaintiff was injured when a ladder which he was climbing kicked out, throwing him to the ground. At the time of the accident, the plaintiff was replacing a sign which was affixed to a building owned by two of the defendants. The Appellate Division, Fourth Department, held that Labor Law § 240 (1) applied because the plaintiff "was engaged in an activity entitling him to the protection of the statute * * * Moreover, it is undisputed that plaintiff fell from an elevated worksite" *(Neville v Deters, supra,* at 597). Again, in *Gregorio v Getty Petroleum Corp.* (201 AD2d 278), the plaintiff sustained fatal injuries while working on a ladder installing an electric sign to a pole. The Appellate Division, First Department, held that "[s]ince [the] plaintiff's decedent was working on a ladder at the time of the incident and was thus exposed to an 'elevation-related hazard', he

comes within the protection of Labor Law § 240 (1) if his death was proximately caused by such risk" *(Gregorio v Getty Petroleum Corp., supra,* at 278).

Finally, in *Izrailev v Ficarra Furniture* (70 NY2d 813), the plaintiff's decedent, while employed by the third-party defendant K&R Electric Company, Inc., was working on an electric sign owned by the defendant Ficarra Furniture of Long Island Inc. (hereinafter Ficarra) and attached to a building owned by the defendant 100 Sunrise Highway, Inc. The plaintiff's decedent fell from a ladder and suffered injuries. The sign was only attached with a number of screws and was of use only to the defendant Ficarra, since it would not remain in place if Ficarra vacated the premises. The Court of Appeals held, *inter alia,* that the sign, which was affixed at a height of 15 feet, was part of the "building or structure" within the meaning of Labor Law § 240 (1) *(Izrailev v Ficarra Furniture, supra,* at 815; *see also, Ferrari v Niasher Realty,* 175 AD2d 591, 592 [activity considered "altering" for purposes of Labor Law § 240 (1), where plaintiff fell from a ladder while removing storm windows]). These precedents do not rest on a distinction between a permanent and temporary sign and clearly refute the dissent's position that the act of climbing a ladder to install a sign on an elevated part of a building does not fall within the purview of Labor Law § 240 (1).

The cases relied on by the dissent are patently distinguishable on their facts and do not warrant a contrary result *(see, e.g., Kesselbach v Liberty Haulage,* 182 AD2d 741 [no Labor Law § 240 violation, where the plaintiff fell from ladder while installing an antenna on a roof]; *Brice v Lafayette Country Club,* 177 AD2d 957 [no Labor Law § 240 (1) violation, where the plaintiff fell from a ladder while hanging streamers from the ceiling in the defendant's country club in preparation for a private party]; *Manente v Ropost, Inc.,* 136 AD2d 681 [no Labor Law § 240 (1) violation, where the plaintiff fell from a ladder while replacing a lightbulb on a lightpole located in the defendant's parking lot]). Accordingly, the order appealed from should be affirmed. Mangano, P. J., Copertino and Goldstein, JJ., concur.

Lawrence, J., dissents and votes to reverse the order appealed from and to grant the motion of Rose Lombardi to dismiss the second cause of action, in the following memorandum with which Krausman, J., concurs. The plaintiff Gerald Buckley, an employee of Fillmore Real Estate, Inc., was injured when he fell from a ladder on which he had climbed in order to hang a 3 foot by 5 foot metal "For Sale" sign on the

side of a building which the building's owners, the defendant Rose Lombardi and her now deceased husband, listed for sale with Fillmore Real Estate, Inc.

Labor Law § 240 (1) provides, in pertinent part, that "[a]ll contractors and owners and their agents * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor" certain specified safety devices. The legislative purpose behind this enactment is to protect workers by placing "ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor" (1969 NY St Legis Annual, at 407), instead of on workers, who " ' "are scarcely in a position to protect themselves from accident" (*Koenig v Patrick Constr. Co.*, 298 NY 313, 318)' (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520)" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513). One is held strictly and absolutely liable for any injury resulting from the violation of this statute.

Thus, in keeping with its express terms and legislative purpose, Labor Law § 240 (1) is applicable only where the injury is sustained while the worker is engaged in the type of activity listed therein, that is, the demolition, construction, alteration, or repair of a building or structure, and, until today, this Court has so interpreted the statute. Thus, this Court has held that an electrician who fell from a ladder while replacing a lightbulb in a malfunctioning lightpole in a parking lot was not entitled to recover under Labor Law § 240 (1) (*see, Manente v Ropost, Inc.*, 136 AD2d 681). After finding that the lightpole was not part of a building or structure for the purposes of the statute, the Court continued as follows: "Nor was the plaintiff at the time of the accident engaged in the type of repair envisioned by the statute. He was merely replacing a lightbulb in a lightpole located on premises on which there was no construction, demolition, renovation or any other type of structural work underway in either the parking lot or the building itself. *In view of the strict liability imposed by the statute and the fact that such liability is generally imposed only to guard against inordinate dangers, we find no reason to strain the language of the statute to encompass the type of routine maintenance work performed by the plaintiff which was far removed from the risks associated with the construction or demolition of a building*" (*Manente v Ropost, Inc.*, supra, at 682 [emphasis added]).

Similarly, the plaintiff in *Kesselbach v Liberty Haulage* (182

AD2d 741), was installing an antenna on the roof of a building leased by one of the defendants when the ladder upon which he was standing snapped, causing him to fall to the ground and sustain injuries. In affirming the dismissal of the cause of action based upon Labor Law § 240 (1), this Court wrote as follows: "At the time of his accident, Kesselbach was not engaged in the type of work envisioned by that provision, which is not determinative unless repairs, construction or alterations to a building or structure are involved. We agree with the Supreme Court that the installation of an antenna on a rooftop is not an alteration within the purview of Labor Law § 240 (see, Borzell v Pater, 285 App Div 983)" (Kesselbach v Liberty Haulage, supra, at 742; see also, Brice v Lafayette Country Club, 177 AD2d 957 [a florist who fell from a ladder while decorating room for party had no cause of action under Labor Law § 240 (1), as "the activity in which plaintiff was engaged, hanging streamers, is not a protected activity within the purview of the Labor Law"]).

It cannot seriously be disputed that the injured plaintiff here also was not engaged in the construction, repair, or alteration of a building. Nor does his work subject him to the type of inordinate danger or inherent risk from which the statute seeks to protect employees. The injured plaintiff was employed by a realtor, and climbed the ladder from which he fell in order to hang, on a temporary basis, a 3 foot by 5 foot advertisement on the building of another. Such activity cannot reasonably be said to fall within the purview of Labor Law § 240 (1).

The cases relied upon by the majority are either factually distinguishable from this case or should not be relied upon by this Court. For example, the plaintiff's decedent in *Izrailev v Ficarra Furniture* (70 NY2d 813, 815), was an electrician who was killed while repairing an electrical sign which "was extended across the facade of the premises occupied by [the defendant] at a height of 15 feet and was affixed so as to be held flat against the building wall, [and] was part of the building for the purposes of the statute". The plaintiff in *Neville v Deters* (175 AD2d 597) was engaged in the business of sign hanging, and fell from an elevated worksite while replacing a permanent sign. Finally, although the decision in *Lawyer v Rotterdam Ventures* (204 AD2d 878), contains only a sketchy factual recitation, the Court did indicate that "[t]he underlying facts show the scenario to be one particularly subject to the risks inherent in an elevated work site". To the extent that *Lawyer* and *Neville* may be viewed as departures

from the way in which this Court has consistently interpreted Labor Law § 240 (1), they should not be followed.

Finally, the injured plaintiff unduly relies upon the fact that he fell from an elevated worksite. While Labor Law § 240 (1) seeks to protect against risks due in some way to relative differences in elevation *(Rocovich v Consolidated Edison Co.,* 78 NY2d, *supra,* at 515), by its clear and concise terms it is not intended to protect all employees who happen to climb a ladder in the course of their employment in all situations *(see, Vilardi v Berley,* 201 AD2d 641 [the estate of a worker who was killed when he fell from a sixth floor window while attempting to temporarily alter the window in order to move a printing press through it could not recover under Labor Law § 240 (1), as moving is not one of the enumerated activities covered by the statute]; *Brice v Lafayette Country Club,* 177 AD2d 957, *supra).* If the Legislature intended to cover the type of activity in which the injured plaintiff herein was engaged, that intent could easily have been expressed in the language of the statute.

Based upon the foregoing, I am of the opinion that the injured plaintiff is not possessed of a cause of action under Labor Law § 240 (1), and the Lombardis' motion to dismiss the second cause of action should have been granted.