◼ ALFONSO VERNIERI, Appellant, v EMPIRE REALTY Co. et al., Defendants and Third-Party Plaintiffs-Respondents. INTERBORO SIGN & MAINTENANCE Co., Third-Party Defendant-Respondent. [631 NYS2d 378] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated January 19, 1994, as granted the branch of the motion of the defendant Empire Realty Co. which was for summary judgment dismissing the plaintiff's cause of action to recover damages pursuant to Labor Law § 241 (6) and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Empire Realty Co. (hereinafter Empire) is the owner of a building located on Northern Boulevard in Long Island City and had leased a portion of the building to Signs & Decal Corp. (hereinafter Signs & Decal), which maintained its business offices and a workshop on the premises for the manufacture and fabrication of signs.

Sometime in 1988, Signs & Decal retained the plaintiff's employer, Interboro Sign & Maintenance Co. (hereinafter Interboro Sign), to hoist and permanently affix to the exterior of the building a sign consisting of five letters spelling the word "SIGNS".

The sign consisted of individual letters, each approximately five to six feet high, manufactured of heavy plywood onto which colored laminate had been affixed. The letters were then attached together to spell out the word "SIGNS" through the use of bracketing attached to angle irons. The fully assembled sign was approximately 28 feet long and, depending upon the testimony, weighed anywhere from 350 to 1,000 pounds. This five-letter sign was to be an addition to an existing sign already affixed to the front of the building.

The sign had been fabricated and fully assembled by employees of Signs & Decal who had then placed the sign on dollies owned by Signs & Decal for transport out to the street. The sign was placed upright on the dollies.

On June 30, 1988, at approximately 2:30 P.M., the plaintiff Alfonse Vernieri assisted in moving the sign from the workshop to the sidewalk, a distance of approximately 60 to 80 feet. As they approached the doorway leading to the sidewalk, the plaintiff felt the sign beginning to topple over and allegedly injured his back in trying to keep the sign from falling over.

In April 1990, the plaintiff commenced this personal injury action against Empire, the owner of the building, and Signs & Decal, the tenant in the building. In his bill of particulars, the plaintiff alleged that Empire violated Labor Law §§ 200, 240, and 241 (6) and the rules and regulations promulgated thereunder including Rule 23 of the Industrial Code and a regulation of the Occupational Safety and Health Administration (hereinafter OSHA) (see, 29 CFR 1910.176 [a]). After serving its answer, Empire impleaded the plaintiff's employer, Interboro Sign, as a third-party defendant. The defendants cross-claimed against each other.

After discovery was completed, Empire moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The Supreme Court granted Empire's motion.

Although the plaintiff's bill of particulars alleged violations of Labor Law §§ 200, 240, and 241 (6), on appeal the plaintiff limits his theory of liability to Labor Law § 241 (6). That statute provides as follows:

"All contractors and owners and their agents, except owners

of one and two-family dwellings who contract for but do not direct or control the work, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * *

"6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The board may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith".

The threshold question that must be answered is whether the plaintiff was engaged in a type of work which falls within the scope of Labor Law § 241 (6), specifically, whether the injury occurred in an area "in which construction, excavation or demolition work is being performed" (Labor Law § 241 [6]). Though this language differs significantly from the far more encompassing language of Labor Law § 240 (1) which covers "the erection, demolition, repairing, altering, painting, cleaning or painting of a building or structure", the courts have generally held that the scope of Labor Law § 241 (6) is governed by 12 NYCRR 23-1.4 (b) (13) which defines construction work expansively: "All work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures" (12 NYCRR 23-1.4 [b] [13]; *see also, e.g., Kesselbach v Liberty Haulage,* 182 AD2d 741).

In this case, it is clear that at the time the plaintiff was allegedly injured, there was no "construction, excavation or demolition work" (Labor Law § 241 [6]) being performed in the building. The plaintiff was participating in moving a sign owned by the defendant Signs & Decal from the back of the building to the front. This was not construction. The question of whether the act of actually affixing the sign to the front of the building would or would not be construction under the statute is not pertinent here because the affixing had not yet begun. All that was being done at the time was the moving of the sign from its place of manufacture to a new destination.

In *Jock v Fien* (80 NY2d 965, 966), the Court of Appeals held that the plaintiff who had fallen "from an upright steel mold that he was preparing during his customary occupational work of fabricating a concrete septic tank", was not covered under

Labor Law § 241 (6) because he was "engaged in a normal manufacturing process" *(Jock v Fien, supra,* at 967). To the extent that Signs & Decal manufactured signs in its workshop which must of necessity be moved out of the manufacturing portion of the building, such moving can be viewed as part of the normal manufacturing process of the defendant Signs & Decal *(see also, Warsaw v Eastern Rock Prods.,* 193 AD2d 1115).

In *Vilardi v Berley* (201 AD2d 641, 643-644), this Court held that the deceased was not covered by Labor Law § 241 (6) because he had not been involved in construction, excavation, or demolition work where he had been hired to move a printing press from one location to another. The fact that the move was to be accomplished through a window from which glass had been removed to make passage possible was insufficient to make the move a covered construction activity *(Vilardi v Berley, supra,* at 642-643). In the case at hand, the task involved was moving an object from one location to another, just as in *Vilardi.*

In *DeTommaso v Fitzgerald Constr. Corp.* (138 AD2d 341, 343), this Court held that liability could not be imposed under Labor Law § 241 (6) "since the work in question was *renovation* rather than construction, demolition or excavation" (emphasis added). Further, the "[r]enovation was to be performed in an area 20 feet away from the site of the accident and *was not underway* at the time of the accident" *(DeTommaso v Fitzgerald Constr. Corp., supra,* at 343 [emphasis added]). Clearly, renovation work is closer in nature to construction work than is the moving of a sign. Accordingly, since renovation work has been held to be beyond the purview of Labor Law § 241 (6), then the moving of the sign in this case is likewise beyond the scope of Labor Law § 241 (6). Further, even assuming that the actual affixing of the sign is considered to be construction, here, just as in *DeTommaso,* the alleged injury occurred at some distance from the actual construction site and at a time when the construction was *not yet underway.*

Cases which have imposed liability when an injury occurred during the actual erection or repair of an elevated sign *(see, e.g., Buckley v Radovich,* 211 AD2d 652; *Neville v Deters,* 175 AD2d 597; *Lawyer v Rotterdam Ventures,* 204 AD2d 878; *Izrailev v Ficarra Furniture,* 70 NY2d 813) are all distinguishable. In all of these cases, liability was imposed under Labor Law § 240 (1), not section 241 (6), because all of the injuries derived from elevation-related hazards. In the instant case, the alleged injury was wholly unrelated to any elevation-related hazard.

Moreover, the act of moving a sign from one location to an-

other is completely distinguishable from the act of actually erecting a sign *(see, Buckley v Radovich, supra; Lawyer v Rotterdam Ventures, supra),* replacing a sign that is already attached to a building *(see, Neville v Deters, supra)* or fixing a sign that is already attached to a building *(see, Izrailev v Ficarra Furniture, supra).* Accordingly, such cases are in no way controlling in this instance. Not only did the injuries in the above occur under entirely distinguishable conditions, but liability was imposed under an altogether different statute.

In *Kesselbach v Liberty Haulage (supra,* 182 AD2d 741), this Court affirmed a Supreme Court finding that "the installation of an antenna on a rooftop is not an alteration within the purview of Labor Law § 240" *(Kesselbach v Liberty Haulage, supra,* at 742) and that Labor Law § 241 (6) did not apply because the plaintiff was "not engaged in construction work as defined by 12 NYCRR 23-1.4 (b) (13)" *(Kesselbach v Liberty Haulage, supra,* at 742). To the extent that installing an antenna on a rooftop is not construction, it would follow that installing a sign on a building, absent other construction work, is not covered by Labor Law § 241 (6).

In any event, in the case at hand, the work had not yet even proceeded to the point of affixing the sign. At the time of the alleged injury, the sign was merely being moved. There is nothing in the case law that would lead to the conclusion that moving the sign in this instance can be deemed to be construction work within the meaning of Labor Law § 241 (6) *(see also, Vincent v Dresser Indus.,* 172 AD2d 1033; *Karaktin v Gordon Hillside Corp.,* 143 AD2d 637; *Malczewski v Cannon Design,* 125 AD2d 941).

In addition to the fact that there was no construction going on at the time of the alleged injury, there was also no violation of a specific provision of the industrial code sufficient to premise liability under Labor Law § 241 (6). Labor Law § 241 (6), unlike section 240 (1), is not self-executing *(see, Long v Forest-Fehlhaber,* 55 NY2d 154, 160). Because the statutory provision speaks only in the most general of terms, " 'an action predicated upon Labor Law § 241 (6) must refer to a violation of the specific standards set forth in the implementing regulations (12 NYCRR part 23)' " *(Lawyer v Rotterdam Ventures, supra,* at 880; *see also, Simon v Schenectady N. Cong. of Jehovah's Witnesses,* 132 AD2d 313). The Court of Appeals has held that the violations must be of concrete specifications of the industrial code and not merely "those that establish general safety standards by invoking the '[g]eneral descriptive terms' set forth and defined in 12 NYCRR 23-1.4 (a). The for-

mer give rise to a nondelegable duty, while the latter do not" *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505).

In the case at bar, the plaintiff's theory of liability is premised on the violation of 12 NYCRR 23-1.5 (c) (2) and on the violation of Federal OSHA regulation 29 CFR 1910.176 (a). 12 NYCRR 23-1.5 provides: "General responsibility of employers * * *

"(c) Condition of equipment and safeguards * * *

"(2) All load carrying equipment shall be designed, constructed and maintained throughout to safely support the loads intended to be imposed thereon".

OSHA regulation 29 CFR 1910.176 (a) provides as follows: "(a) Use of mechanical equipment. Where mechanical handling equipment is used, sufficient safe clearances shall be allowed for aisles, at loading docks, through doorways and wherever turns or passage must be made. Aisles and passageways shall be kept clear and in good repair, with no obstruction across or in aisles that could create a hazard. Permanent aisles and passageways shall be appropriately marked".

The plaintiff's reliance on 12 NYCRR 23-1.5 (c) (2) is misplaced. Regulations which merely establish general safety standards do not give rise to a nondelegable duty *(see, Abreu v Manhattan Plaza Assocs.,* 214 AD2d 526; *see also, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Rojas v County of Nassau,* 210 AD2d 390; *Biszick v Ninnie Constr. Corp.,* 209 AD2d 661). It has been held that 12 NYCRR 23-1.5 is a regulation that relates to general safety standards and, accordingly, will not provide a basis for a claim under Labor Law § 241 (6) *(see, McGrath v Lake Tree Vil. Assocs.,* 216 AD2d 877; *Stairs v State St. Assocs.,* 206 AD2d 817, 818; *see also, Knudsen v Pentzien, Inc.,* 209 AD2d 909; *Mamo v Rochester Gas & Elec. Corp.,* 209 AD2d 948; *Gordineer v County of Orange,* 205 AD2d 584; *Narrow v Crane-Hogan Structural Sys.,* 202 AD2d 841).

Likewise, it has been held that violations of OSHA standards do not provide a basis for liability under Labor Law § 241 (6) *(see, McGrath v Lake Tree Vil. Assocs., supra; McSweeney v Rochester Gas & Elec. Corp.,* 216 AD2d 878; *Landry v General Motors Corp.,* 210 AD2d 898; *Pelleschi v City of Rochester,* 198 AD2d 762).

In conclusion, when the case law is applied to the facts of this case, it is clear that the Supreme Court properly granted summary judgment to Empire Realty Company. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.