■ Jose Morales et al., Appellants, v City of New York, Defendant and Third-Party Plaintiff-Respondent. Adwell Audio Visual Co., Inc., Third-Party Defendant-Respondent. [666 NYS2d 200] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Greenstein, J.), dated October 28, 1996, which (1) denied their motion for partial summary judgment on the issue of liability with respect to their cause of action based on Labor Law § 240 (1) and (2) granted the separate cross motions of the defendant and third-party defendant for

partial summary judgment dismissing the plaintiffs' cause of action based on Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for partial summary judgment as to liability on their cause of action based on Labor Law § 240 (1) is granted, the cross motions are denied, and the matter is remitted to Supreme Court, Kings County, for further proceedings.

The plaintiff Jose Morales and a co-worker were engaged in the installation of a 10-foot by 10-foot wall video screen in a school auditorium. It was necessary to remove an old screen before installing the new one. A rope was looped over a rafter in order to hold the old screen up while it was being removed. When the final bolt was removed, or after it had been detached, the rope broke, causing the screen to fall into the ladder supporting Jose Morales, and he fell and was injured.

Labor Law § 240 (1) requires owners and contractors to furnish various devices, including ropes, to persons engaged in defined activities, including "the * * * altering * * * of a building or structure". Such devices, including ropes, are to be "so constructed * * * as to give proper protection to a person so employed" (Labor Law § 240 [1]). The law imposes absolute liability on owners, contractors, and their agents for any breach of the statutory duty (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Jock v Fien,* 80 NY2d 965; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509).

The removal of the old video screen, prior to the installation of the new one, constituted the alteration of the auditorium structure. It has been held that the installation of a sign on a building falls within the ambit of Labor Law § 240 (1) (*see, Izrailev v Ficarra Furniture,* 70 NY2d 813; *Buckley v Radovich,* 211 AD2d 652; *Lawyer v Rotterdam Ventures,* 204 AD2d 878; *Neville v Deters,* 175 AD2d 597), and we see no basis to distinguish the facts of the present case (*see also, Lewis-Moors v Contel of N. Y.,* 78 NY2d 942; *Martin v Back O'Beyond,* 198 AD2d 479; *Purdie v Crestwood Lake Hgts. Section 4 Corp.,* 229 AD2d 523; *Weininger v Hagedorn & Co.,* 241 AD2d 363). Contrary to the defendant's and the third-party-defendant's contention, there is no issue of fact concerning proximate causation. There is no competent evidence to rebut the injured plaintiff's assertion that the accident was caused by the detachment of the last bolt which had been holding the screen to the auditorium ceiling, coupled with the breaking of the rope. Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.