■ WILSON VASQUEZ et al., Respondents, v SKYLINE CONSTRUCTION & RESTORATION CORP., Appellant, et al., Defendants. [779 NYS2d 113]—

In an action to recover damages for personal injuries, etc., the defendant Skyline Construction & Restoration Corp. appeals from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated June 9, 2003, which, upon the granting of the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, and upon a jury verdict on the issue of damages in the plaintiffs' favor and against it, is in favor of the plaintiff Wilson Vasquez in the principal sums of

$4,000,000 for past pain and suffering, $25,000 for future pain and suffering, and $265,000 for past medical expenses, and is in favor of the plaintiff Lynette Vasquez in the principal sum of $250,000 for loss of services.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only with respect to past pain and suffering; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiff Wilson Vasquez shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $4,000,000 to the sum of $2,000,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff Wilson Vasquez so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff Wilson Vasquez fell approximately 15 feet from a ladder owned by his employer, the defendant Benny's Sign and Signs (hereinafter Benny's). At the time of the accident, Vasquez was erecting a sign on a portion of a building owned by the defendant Skyline Construction & Restoration Corp. (hereinafter Skyline). Vasquez and his wife brought this action against Benny's and Skyline to recover damages based, inter alia, on a violation of Labor Law § 240 (1). At the end of the liability phase of the bifurcated trial, the Supreme Court granted the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability against Skyline. Following a jury trial on damages, monetary awards were made to the plaintiffs.

Vasquez's activity at the time of the accident, i.e., standing on a ladder to install a sign on Skyline's building, is the type of work contemplated by Labor Law § 240 (1) (see Izrailev v Ficarra Furniture of Long Is., 70 NY2d 813, 815 [1987]; Buckley v Radovich, 211 AD2d 652, 654-655 [1995]; Lawyer v Rotterdam Ventures, 204 AD2d 878 [1994]; Neville v Deters, 175 AD2d 597 [1991]). The underlying facts established the scenario to be one particularly subject to the risks inherent in an elevated work site and that the injuries were proximately caused by the failure of the ladder (see Lawyer v Rotterdam Ventures, supra at 879). Accordingly, the Supreme Court correctly granted the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability against Skyline since there was no rational process by which the jury could have found in favor of Skyline.

However, we agree with Skyline's contention that the award of damages for past pain and suffering as to Vasquez was excessive to the extent indicated (*see* CPLR 5501 [c]).

Skyline's remaining contentions need not be reached in light of our determination or are without merit. Ritter, J.P., Goldstein, Crane and Spolzino, JJ., concur.