Alberici v Gold Medal Gymnastics (2021 NY Slip Op 04651)





Alberici v Gold Medal Gymnastics


2021 NY Slip Op 04651


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-01284
 (Index No. 605837/15)

[*1]Donald F. Alberici, et al., appellants, 
v
Gold Medal Gymnastics, et al., respondents.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellants.
French & Casey, LLP, New York, NY (Joseph A. French and Grant D. Zacharias of counsel), for respondent Gold Medal Gymnastics.
Bello & Larkin, Hauppauge, NY (Robert X. Larkin of counsel), for respondent Madison Parker, LLC.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated December 18, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant Gold Medal Gymnastics which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it, and granted those branches of the motion of the defendant Madison Parker, LLC, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Gold Medal Gymnastics which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it, and those branches of the motion of the defendant Madison Parker, LLC, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence insofar as asserted against it, are denied.
Nonparty Letter Perfect Graphics was hired to manufacture and install an electrical channel letter sign on the exterior of a building owned by the defendant Madison Parker, LLC (hereinafter Madison Parker), and leased to the defendant Gold Medal Gymnastics (hereinafter Gold Medal). The letters and other components making up the sign were two to three feet tall and made of plexiglass and aluminum. The plaintiff Donald Alberici (hereinafter the injured plaintiff) and a coworker were to install the letters and other components on a metal soffit located on the front of the building. First, the injured plaintiff and the coworker drilled several holes in the face of the soffit. The injured plaintiff then entered the soffit by placing a fiberglass ladder under an access door located on the bottom of the soffit. The coworker placed each letter on the face of the soffit, passing bolts through the newly-drilled holes, while the injured plaintiff on the other side secured each letter [*2]by placing washers and nuts on the bolts, and connected each letter to a low voltage wire. That day, the injured plaintiff and the coworker were also expected to complete all the letter-to-letter electrical connections and to install the junction boxes and other electrical equipment inside the soffit, which was to be hooked up later to the main power supply by a licensed electrician.
The accident occurred during the installation of the letter "M." The injured plaintiff testified at his deposition that he was inside the soffit and kneeling on a piece of lumber, and was assisting the coworker in passing the bolts through the face of the soffit, when the injured plaintiff heard a "brief pop" behind him and a six- or eight-foot section of the soffit gave way, causing the injured plaintiff to fall to the concrete surface approximately fifteen feet below. Part of the soffit that had been mounted on the front of the building became detached from the building and was still dangling above the injured plaintiff after he had fallen to the ground.
The injured plaintiff, and his wife suing derivatively, then commenced this action against the defendants, asserting causes of action alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Following joinder of issue and discovery, Gold Medal moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and Madison Parker separately moved for the same relief. In an order dated December 18, 2017, the Supreme Court, inter alia, granted those branches of Gold Medal's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it, and granted those branches of Madison Parker's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence insofar as asserted against it. The plaintiffs appeal.
To recover under Labor Law § 240(1), "the plaintiff must have been engaged in a covered activity—'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Soto v J. Crew Inc., 21 NY3d 562, 566, quoting Labor Law § 240[1]; see Panek v County of Albany, 99 NY2d 452, 457). Similarly, the protections of Labor Law § 241(6) are inapplicable outside of the context of construction, demolition, or excavation (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528; Nagel v D & R Realty Corp., 99 NY2d 98, 100-101). "Construction work" is defined in the Industrial Code as "[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures" (12 NYCRR 23-1.4[b][13]).
As is relevant here, "altering," within the meaning of Labor Law § 240(1), involves "making a significant physical change to the configuration or composition of the building or structure" (Joblon v Solow, 91 NY2d 457, 465). Whether a physical change is significant depends on its effect on the physical structure (compare Saint v Syracuse Supply Co., 25 NY3d 117, 125, with Munoz v DJZ Realty, LLC, 5 NY3d 747, 748). Here, the evidence submitted by Gold Medal failed to establish, prima facie, that the injured plaintiff was not engaged in "altering" the building at the time of the accident (see LaGiudice v Sleepy's Inc., 67 AD3d 969; Vasquez v Skyline Constr. & Restoration Corp., 8 AD3d 473; Young Soo Park v Jay Street Realty Assoc., 249 AD2d 300; Buckley v Radovich, 211 AD2d 652). Moreover, since Gold Medal failed to establish, prima facie, that the injured plaintiff was not engaged in "altering" the building within the meaning of Labor Law § 240(1), Gold Medal's submissions also failed to establish, prima facie, that the injured plaintiff was not engaged in "construction" within the meaning of Labor Law § 241(6) (see Wass v County of Nassau, 173 AD3d 933, 935-936; McLean v 405 Webster Ave. Assoc., 98 AD3d 1090, 1094).
Accordingly, the Supreme Court should have denied those branches of Gold Medal's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). For the same reasons, the Supreme Court also erred in granting those branches of Madison Parker's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it.
"Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663). "Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Torres v City of New York, 127 AD3d 1163, 1165). Where an accident was caused by the manner in which the work was performed, "recovery against a property owner cannot be had 'unless it is shown that the [owner] had the authority to supervise or control the performance of the work'" (Lazo v Ricci, 178 AD3d 811, 813, quoting Ortega v Puccia, 57 AD3d 54, 61). Conversely, "[w]here a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a landowner may be liable under Labor Law § 200 if it 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition'" (Rojas Schwartz, 74 AD3d 1046, 1047, quoting Ortega v Puccia, 57 AD3d at 61).
Where, as here, "an accident is alleged to involve defects in both the premises and the equipment used at the work site, the property owner moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52). However, on its motion for summary judgment, Madison Parker failed to establish, prima facie, that it lacked actual notice of the allegedly defective condition in the soffit (see Daeira v Genting N.Y., LLC, 173 AD3d 831, 835-836; White v Village of Port Chester, 92 AD3d 872, 876). Accordingly, the Supreme Court should have denied that branch of its motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court